**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| THE BLUE NOTE, INC. d/b/a The Point, an Illinois corporation, | ) | |
| Plaintiff, | ) | No. 23 CV 648 |
| v. | ) | Hon. Thomas M. Durkin |
| THE CITY OF CHICAGO, a Municipal Corporation, *et al.*, | ) | |
| Defendants. | ) | |

**CITY DEFENDANTS' MOTION TO DISMISS THE COMPLAINT**

Defendants City of Chicago (the "City"), City of Chicago Department of Business Affairs and Consumer Protection ("BACP"), City of Chicago Department of Buildings ("DOB"), DOB Commissioner Matthew Beaudet, Chicago Police Department ("CPD"), and CPD Acting Superintendent Eric Carter[1] (collectively, "City Defendants") respectfully move the Court for an order under Federal Rule of Civil Procedure 12(b)(1) or, in the alternative, Federal Rule of Civil Procedure 12(b)(6) dismissing Plaintiff The Blue Note, Inc.'s Complaint ("Blue Note"). In support, City Defendants incorporate their memorandum of law in support of this Motion, and respectfully state as follows:

1. Blue Note challenges multiple City actions taken to protect public safety after a shooting at its Wicker Park bar, The Point, and after dangerous building conditions were discovered on the premises during subsequent inspections.

[1] Acting Superintendent Carter is substituted for Superintendent David Brown. *See* Fed. R. Civ. P. 25(d).

2. This matter should be dismissed under Rule 12(b)(1), based on the abstention doctrine derived from *Younger v. Harris*, 401 U.S. 37 (1971), because exercising jurisdiction would interfere with multiple ongoing state proceedings.

3. Alternatively, if this Court does not abstain under *Younger*, the constitutional claims under 42 U.S.C. § 1983 should be dismissed under Rule 12(b)(6). Blue Note fails to allege that a municipal action, as described in *Monell v. Dep't of Soc. Servs. of N.Y.*, 436 U.S. 658 (1978), caused any constitutional violation. *Monell* liability aside, Blue Note also fails to state underlying equal protection, due process, or retaliation claims.

4. Blue Note's state-law claims, to the extent that the Court decides to exercise jurisdiction over them, should be dismissed based on state-law immunity or, alternatively, because the Complaint fails to state abuse of process and conspiracy claims.

WHEREFORE, for the reasons herein and as explained more fully in City Defendants' memorandum of law, City Defendants respectfully request an order dismissing Plaintiff's Complaint and granting such other relief as is just and proper.

Date: April 21, 2023

Respectfully submitted,

Acting Corporation Counsel for
the City of Chicago

By: *s/ Aaron T. Dozeman*
Assistant Corporation Counsel

BRADLEY G. WILSON
AARON T. DOZEMAN
City of Chicago, Department of Law
2 North Lasalle Street, Suite 520
Chicago, Illinois 60602
(312) 744-7686 / (312) 744-9018
Bradley.Wilson@cityofchicago.org
Aaron.Dozeman1@cityofchicago.org

*Attorneys for City Defendants*