**IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| THE BLUE NOTE, INC., d/b/a The Point,<br>*Plaintiff,*<br>v.<br>THE CITY OF CHICAGO,<br>THE CITY OF CHICAGO DEPARTMENT<br>OF BUSINESS AFFAIRS AND<br>CONSUMER PROTECTION,<br>THE CITY OF CHICAGO DEPARTMENT<br>OF BUILDINGS,<br>MATTHEW BEAUDET,<br>CHICAGO POLICE DEPARTMENT,<br>DAVID O. BROWN,<br>& FLAT IRON BUILDING, LLC,<br>*Defendants*. | ) | Case No. 23-cv-00648<br><br>Hon. Thomas M. Durkin |

**DEFENDANT FLAT IRON BUILDING, LLC'S MOTION TO DISMISS COUNT V OF PLAINTIFF'S COMPLAINT**

Defendant FLAT IRON BUILDING, LLC (hereinafter "FIB" or "Defendant") by and through its undersigned attorneys, Cary G. Schiff & Associates, hereby moves to dismiss Count V of Plaintiff's Complaint, pursuant to Federal Rule of Civil Procedure 12(b)(6). In support of its motion, Defendant FIB states as follows:

**Introduction and Background**

On February 2, 2023, Plaintiff The Blue Note, Inc. ("Plaintiff") filed a five-count complaint in this matter against FIB, as well as the City of Chicago, the City of Chicago Department of Business Affairs & Consumer Protection, the City of Chicago Department of Buildings, Matthew Beaudet, in his official capacity as the Commissioner of the Department of Buildings, the Chicago Police Department, David O. Brown, in his official capacity as

Superintendent of the Chicago Police Department (collectively the "City Defendants"). The Complaint alleges equal protection violations pursuant to 42 U.S.C. § 1983 (Count I); retaliation in violation of the First Amendment pursuant to 42 U.S.C. § 1983 in violation of Plaintiff's right to free speech (Count II); violations of Plaintiff's due process rights pursuant to 42 U.S.C. § 1983 (Count III); violations of Illinois Law for Abuse of Process (Count IV); and Conspiracy to Violate 42 U.S.C. § 1983 (Count V).

Counts I through IV of the Complaint are brought against only the City Defendants. This Motion to Dismiss addresses Count V of the Complaint, the only count brought against FIB. Count V alleges that FIB participated with the City Defendants in a conspiracy to violate 42 U.S.C. § 1983.

For the reasons stated further below, this Court should dismiss Count V of Plaintiff's Complaint for its failure to state a claim against FIB, pursuant to Federal Rule of Civil Procedure 12(b)(6).

## Legal Standard for a Motion to Dismiss Pursuant to Rule 12(b)(6)

A motion to dismiss under Rule 12(b)(6) challenges the sufficiency of the complaint, not its merits. Fed. R. Civ. P. 12(b)(6); *Gibson v. City of Chicago*, 910 F.2d 1510, 1520 (7th Cir. 1990). In considering a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), this Court is to accept as true all well-pleaded facts in the Complaint and draw all reasonable inferences from those facts in favor of the Plaintiff. *AnchorBank, FSB v. Hofer*, 649 F.3d 610, 614 (7th Cir. 2011). To survive a Rule 12(b)(6) motion, the complaint must not only provide the defendant with fair notice of a claim's basis but must also be facially plausible. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Threadbare recitals of a cause of action, supported by mere conclusory statements, do not suffice. *Id.* A complaint must allege more than a sheer possibility

that a defendant has acted unlawfully. *Cohen v. Am. Sec. Ins. Co.*, 735 F.3d 601, 612 (7th Cir. 2013).

## Argument

### I. THE FACTS ALLEGED IN COUNT V OF PLAINTIFF'S COMPLAINT FAIL TO STATE A CLAIM OF CONSPIRACY AGAINST FIB.

Count V of Plaintiff's Complaint is predicated upon allegations that FIB, Plaintiff's former landlord, conspired with the City Defendants to violate 42 U.S.C. § 1983 by depriving Plaintiff of a "late-hour license" to remain open and serve liquor until 4:00 A.M. or 5:00 A.M. As a matter of law, this Court should find that Plaintiff's Complaint fails to state a claim of conspiracy against FIB.

Plaintiff's Complaint fails to state a plausible claim for relief against FIB under a theory of conspiracy to violate 42 U.S.C. § 1983. In order to establish § 1983 liability through a conspiracy theory, a plaintiff must demonstrate that: (1) a state official and private individual(s) reached an understanding to deprive the plaintiff of his constitutional rights; and (2) those individuals were willful participants in joint activity with the State or its agents. *Fries v. Helsper*, 146 F.3d 452, 457 (7th Cir. 1998). Even accepting Plaintiff's allegations as true, the Complaint fails to state a claim for civil conspiracy against FIB that would satisfy the required elements of the claim. Plaintiff claims that its constitutional rights were violated through the City Defendants' actions to deprive Plaintiff of its "late-hour licenses" without compensation. According to the Complaint, the City Defendants instituted official policies, customs, or practices to discriminate against the equal protection rights of businesses holding late-hour licenses (Count I), against Plaintiff's First Amendment rights (Count II), and in violation of Plaintiff's due process rights, in connection with administrative actions taken by the City (Count III). In support of its claims of conspiracy against FIB, the Complaint pleads, "on information and belief," that at some point between March 2, 2022,

and March 29, 2022, Commission Beaudet and a representative of FIB "participated in at least one telephone conference" in which Beaudet agreed that the City would not enforce building code violations against other tenants of the Arts Building, if FIB did not complete repairs to the Arts Building until after the City had revoked or modified Plaintiff's late-hour license. Complaint, Dkt. 1, ¶ 104. Thereafter, a representative of FIB stated to Plaintiff's principal that she did not think that the City would let Plaintiff open again. *Id.* at ¶ 110. The Complaint's allegations do not constitute FIB's "willful participation" in a joint agreement with the City to commit a constitutional tort against Plaintiff. A bare allegation of conspiracy is not enough to survive a motion to dismiss for failure to state a claim. *Cooney v. Rossiter*, 583 F.3d 967, 970 (7th Cir. 2009); *see also Hanania v. Loren-Maltese*, 212 F.3d 353, 356 (7th Cir. 2000) (requiring a showing of a concerted effort between a private actor and state actor and that the actors reached an understanding to deprive the plaintiff of constitutional rights).

Accordingly, for the reasons stated above, this Court should dismiss Count V of Plaintiff's Complaint for its failure to state a claim, pursuant to Federal Rule of Civil Procedure 12(b)(6).

## II. COUNT V MUST ALSO BE DISMISSED BECAUSE PLAINTIFF'S UNDERLYING CLAIMS ALLEGING VIOLATIONS OF 42 U.S.C. § 1983 FAIL AS A MATTER OF LAW.

As stated in the City Defendants' Motion to Dismiss Plaintiff's Complaint and their memorandum in support thereof, Plaintiff's Count V is a derivative claim, based upon the underlying claims that the City Defendants deprived Plaintiff of its constitutional rights, in violation of 42 U.S.C. § 1983. Because Plaintiff's underlying claims fail as a matter of law against the City Defendants, its conspiracy claim must fail as well. To that extent, FIB joins in the Motion

to Dismiss of the City Defendants and adopts the City Defendants' arguments as to dismissal of Plaintiff's claims underlying the alleged conspiracy.

## III. CONCLUSION

Wherefore, for the above reasons, FLAT IRON BUILDING, LLC, respectfully requests that this Court dismiss Count V of Plaintiff's Complaint, with prejudice, pursuant to Federal Rule of Civil Procedure 12(b)(6), and grant any further relief it deems necessary and just.

Dated: April 21, 2023

Respectfully Submitted,

FLAT IRON BUILDING, LLC,

By: /s/ Christopher R. Johnson
One of its attorneys

Cary G. Schiff (ARDC #6192697)
Christopher R. Johnson (ARDC #6304827)
Cary G. Schiff & Associates
134 N. LaSalle St., Suite 1740
Chicago, IL 60602
Telephone: 312-419-1130
Facsimile: 312-419-9130
E-mail: caryschiff@cgschifflaw.com
*Counsel for Defendant Flat Iron Building, LLC*