**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| THE BLUE NOTE, INC. d/b/a The Point, an Illinois corporation, | ) | |
| Plaintiff, | ) | No. 23 CV 648 |
| v. | ) | Hon. Thomas M. Durkin |
| THE CITY OF CHICAGO, a Municipal Corporation, *et al.*, | ) | |
| Defendants. | ) | |

**DEFENDANT CITY OF CHICAGO'S MOTION TO**
**<u>DISMISS THE AMENDED COMPLAINT</u>**

Defendant City of Chicago[1] moves the Court for an order under Federal Rule of Civil Procedure 12(b)(1) or, in the alternative, Federal Rule of Civil Procedure 12(b)(6) dismissing Plaintiff The Blue Note, Inc.'s ("Blue Note") Amended Complaint. In support, the City incorporates its memorandum of law in support of this Motion, and respectfully states as follows:

1. Blue Note challenges multiple City actions taken to protect public safety after a shooting at its Wicker Park bar, The Point, and after dangerous building conditions were discovered on the premises during subsequent inspections.

2. This matter should be dismissed under Rule 12(b)(1), based on the abstention doctrine derived from *Younger v. Harris*, 401 U.S. 37 (1971), because exercising jurisdiction would interfere with multiple ongoing state proceedings.

[1] The remaining City defendants named in the original complaint — the City Department of Business Affairs and Consumer Protection, the City Department of Buildings, Matthew Beaudet, the City Police Department, and David O. Brown — have not been named in the First Amended Complaint, and the City respectfully requests that they be terminated from the case caption on the docket.

3. Alternatively, if this Court does not abstain under *Younger*, the constitutional claims under 42 U.S.C. § 1983 should be dismissed under Rule 12(b)(6). Blue Note fails to allege that a municipal action, as described in *Monell v. Dep't of Soc. Servs. of N.Y.*, 436 U.S. 658 (1978), caused any constitutional violation. *Monell* liability aside, Blue Note also fails to state underlying equal protection, due process, or retaliation claims.

4. Blue Note's state-law claims, to the extent that the Court decides to exercise jurisdiction over them, should be dismissed based on state-law immunity or, alternatively, because the Amended Complaint fails to state an abuse of process, conspiracy, or fraud claims.

WHEREFORE, for the reasons herein and as explained more fully in the City's memorandum of law, the City respectfully requests an order dismissing the First Amended Complaint and granting such other relief as is just and proper.

Date: June 16, 2023

Respectfully submitted,

MARY B. RICHARDSON-LOWRY,
Acting Corporation Counsel for the City of Chicago

By: <u>*s/ Aaron T. Dozeman*</u>
Assistant Corporation Counsel

BRADLEY G. WILSON (IL 6301195)
AARON T. DOZEMAN (IL 6308909)
City of Chicago, Department of Law
Constitutional and Commercial Litigation Division
2 North Lasalle Street, Suite 520
Chicago, Illinois 60602
(312) 744-7686 / (312) 744-9018
Bradley.Wilson@cityofchicago.org
Aaron.Dozeman1@cityofchicago.org

*Attorneys for the City*