**IN THE UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| THE BLUE NOTE, INC., d/b/a The Point, | ) | Case No. 23-cv-00648 |
| *Plaintiff,* | ) | Hon. Thomas M. Durkin |
| v. | ) | |
| THE CITY OF CHICAGO,<br>FLAT IRON BUILDING, LLC,<br>BERGER REALTY GROUP, LLC,<br>ERICA BERGER,<br>RACHEL BREIDINGER,<br>ZVONKO OLEAR,<br>ARTHUR KWAN,<br>BAUM REALTY GROUP, LLC,<br>PATRICK FORKIN,<br>SAVAS ER, | ) | |
| *Defendants*. | ) | |

**<u>DEFENDANT FLAT IRON BUILDING, LLC'S MOTION TO DISMISS COUNTS V, VI, AND VII OF PLAINTIFF'S FIRST AMENDED COMPLAINT</u>**

Defendant FLAT IRON BUILDING, LLC (hereinafter "FIB" or "Defendant") by and through its undersigned attorneys, Cary G. Schiff & Associates, hereby moves to dismiss Counts V, VI, and VII of Plaintiff's First Amended Complaint, pursuant to Federal Rule of Civil Procedure 12(b)(6). In support of its motion, Defendant FIB states as follows:

## <u>Introduction and Background</u>

On February 2, 2023, Plaintiff The Blue Note, Inc. ("Plaintiff") filed a five-count complaint in this matter against FIB, as well as the City of Chicago, the City of Chicago Department of Business Affairs & Consumer Protection, the City of Chicago Department of Buildings, Matthew Beaudet, in his official capacity as the Commissioner of the Department of Buildings, the Chicago Police Department, David O. Brown, in his official capacity as

Superintendent of the Chicago Police Department. The original Complaint alleged equal protection violations pursuant to 42 U.S.C. § 1983 (Count I); retaliation in violation of the First Amendment pursuant to 42 U.S.C. § 1983 in violation of Plaintiff's right to free speech (Count II); violations of Plaintiff's due process rights pursuant to 42 U.S.C. § 1983 (Count III); violations of Illinois Law for Abuse of Process (Count IV); and Conspiracy to Violate 42 U.S.C. § 1983 (Count V).

Thereafter, on April 21, 2023, the City Defendants and FIB filed Motions to Dismiss pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6). On May 12, 2023, Plaintiff filed the present First Amended Complaint, and the Defendants' Motions to Dismiss were thereafter denied as moot.

The First Amended Complaint is brought against the City of Chicago, Flat Iron Building, LLC, Berger Realty Group, LLC, Erica Berger, Rachel Breidinger, Zvonko Olear, Arthur Kwan, Baum Realty Group, LLC, Patrick Forkin, and Savas Er. Dkt. 24. Counts I through IV of the First Amended Complaint are brought against only the City of Chicago. This Motion to Dismiss addresses Counts V, VI, and VII of the Amended Complaint, which are the counts brought against FIB. Count V alleges that FIB participated with the City Defendants in a conspiracy to violate 42 U.S.C. § 1983. Dkt. 24, ¶¶ 375-379. Count VI alleges a state-law claim of common-law fraud against all defendants. Dkt. 24, ¶¶ 380-84. Count VII alleges a state-law claim of violation of the Illinois Consumer Fraud and Deceptive Business Practices Act against FIB and Berger Realty Group, LLC. Dkt. 24, ¶¶ 385-92.

For the reasons stated further below, this Court should dismiss Counts V, VI, and VII of Plaintiff's First Amended Complaint for their failure to state a claim against FIB, pursuant to Federal Rule of Civil Procedure 12(b)(6).

**Legal Standard for a Motion to Dismiss Pursuant to Rule 12(b)(6)**

A motion to dismiss under Rule 12(b)(6) challenges the sufficiency of the complaint, not its merits. Fed. R. Civ. P. 12(b)(6); *Gibson v. City of Chicago*, 910 F.2d 1510, 1520 (7th Cir. 1990). In considering a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), this Court is to accept as true all well-pleaded facts in the Complaint and draw all reasonable inferences from those facts in favor of the Plaintiff. *AnchorBank, FSB v. Hofer*, 649 F.3d 610, 614 (7th Cir. 2011). To survive a Rule 12(b)(6) motion, the complaint must not only provide the defendant with fair notice of a claim's basis but must also be facially plausible. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Threadbare recitals of a cause of action, supported by mere conclusory statements, do not suffice. *Id.* A complaint must allege more than a sheer possibility that a defendant has acted unlawfully. *Cohen v. Am. Sec. Ins. Co.*, 735 F.3d 601, 612 (7th Cir. 2013).

**Argument**

**I. THE FACTS ALLEGED IN COUNT V OF PLAINTIFF'S FIRST AMENDED COMPLAINT FAIL TO STATE A CLAIM AGAINST FIB FOR CONSPIRACY TO VIOLATE 42 U.S.C. §1983.**

Count V of Plaintiff's First Amended Complaint is predicated upon allegations that FIB, Plaintiff's former landlord, conspired with the City to violate 42 U.S.C. § 1983 by depriving Plaintiff of a "late-hour license" to remain open and serve liquor until 4:00 A.M. or 5:00 A.M. Dkt. 24, ¶¶ 376-79. As a matter of law, this Court should find that Plaintiff's First Amended Complaint fails to state a claim of conspiracy against FIB.

Plaintiff's First Amended Complaint fails to state a plausible claim for relief against FIB under a theory of conspiracy to violate 42 U.S.C. § 1983. In order to establish § 1983 liability through a conspiracy theory, a plaintiff must demonstrate that: (1) a state official and private

individual(s) reached an understanding to deprive the plaintiff of his constitutional rights; and (2) those individuals were willful participants in joint activity with the State or its agents. *Fries v. Helsper*, 146 F.3d 452, 457 (7th Cir. 1998). Even accepting Plaintiff's allegations as true, the First Amended Complaint still fails to state a claim for civil conspiracy against FIB that would satisfy the required elements of the claim. Plaintiff claims that its constitutional rights were violated through the City's actions to deprive Plaintiff of its "late-hour licenses" without compensation. Dkt. 24, ¶ 376. According to the First Amended Complaint, the City has instituted official policies, customs, or practices to discriminate against the equal protection rights of businesses holding late-hour licenses (Count I), against Plaintiff's First Amendment rights (Count II), and in violation of Plaintiff's due process rights, in connection with administrative actions taken by the City (Count III). Dkt. 24, ¶¶ 334-69. Though the First Amended Complaint now includes additional factual allegations relating to FIB, the allegations of the Complaint remain clear that the alleged violations related to "*the City's plan*" (emphasis added) to eliminate Late-Hour Licenses, including Plaintiff's, without compensation. Dkt. 24, ¶ 59. The First Amended Complaint's allegations do not constitute FIB's "willful participation" in a joint agreement with the City to commit a constitutional tort against Plaintiff. Rather, the allegations are that the City had a "three-fold" plan that relied upon actions of the Chicago Police Department, the City's Department of Buildings, and the City's Department of Business Affairs and Consumer Protection. Dkt. 24, ¶ 59. These departments are under the exclusive control and authority of the City, not FIB.

The First Amended Complaint still fails to plead a legally sufficient claim against FIB. According to the allegations of the First Amended Complaint, the City's purported "plan" to eliminate bars with Late-Hour Licenses dates back to "at least January of 2020," well before any allegations relating to FIB's claimed cooperation with the City. A bare allegation of conspiracy is not enough to survive a motion to dismiss for failure to state a claim. *Cooney v. Rossiter*, 583 F.3d

967, 970 (7th Cir. 2009); *see also Hanania v. Loren-Maltese*, 212 F.3d 353, 356 (7th Cir. 2000) (requiring a showing of a concerted effort between a private actor and state actor and that the actors reached an understanding to deprive the plaintiff of constitutional rights).

Accordingly, for the reasons stated above, this Court should dismiss Count V of Plaintiff's First Amended Complaint for its failure to state a claim against FIB, pursuant to Federal Rule of Civil Procedure 12(b)(6).

## II. COUNT V MUST ALSO BE DISMISSED BECAUSE PLAINTIFF'S UNDERLYING CLAIMS ALLEGING VIOLATIONS OF 42 U.S.C. § 1983 FAIL AS A MATTER OF LAW.

As stated in the City's Motion to Dismiss Plaintiff's First Amended Complaint and its memorandum in support thereof, Plaintiff's Count V is a derivative claim, based upon the underlying claims that the City deprived Plaintiff of its constitutional rights, in violation of 42 U.S.C. § 1983. Because Plaintiff's underlying claims against the City fail as a matter of law, its conspiracy claim against FIB must fail as well. To that extent, FIB joins in the Motion to Dismiss of the City and adopts the City's arguments as to dismissal of Plaintiff's claims underlying the alleged conspiracy.

## III. COUNT VI SHOULD BE DISMISSED FOR ITS FAILURE TO STATE A CLAIM FOR FRAUD AGAINST FIB.

Count VI of the First Amended Complaint is brought as a claim of state-law fraud against all Defendants. More specifically, Plaintiff claims that all Defendants "acted in concert for the purpose of depriving Plaintiff of its Late-Hour License, without compensation, by the agreements alleged." In order to state a cause of action for common law fraud, the essential elements of fraud

must be pleaded with specificity. *Cramer v. Insurance Exchange Agency*, 174 Ill.2d 513, 528 (1996). The elements that must be alleged include: (1) a false statement of material fact; (2) the party making the statement knew or believed it to be untrue; (3) the party to whom the statement was made had a right to rely on the statement; (4) the party to whom the statement was made did rely on the statement; (5) the statement was made for the purpose of inducing the other party to act; and (6) the reliance by the person to whom the statement was made led to that person's injury. *Id.* Allegations of fraud must contain specific, directive manifestations of fraudulent intent in order to state an adequate claim. *See Bank of Northern Illinois v. Nugent*, 223 Ill.App.3d 1, 10-11 (1991). To state a claim for common-law fraud, a plaintiff must meet a higher standard of pleading, with specific allegations of facts to support each element of a claim. *Merrilees v. Merrilees*, 2013 IL App (1st) 121897, ¶ 15. To satisfy that standard, a plaintiff must allege, with specificity and particularity, facts from which fraud is the necessary and probable inference, including what misrepresentations were made, when they were made, who made the misrepresentations, and to whom they were made. *People ex rel. Lindblom v. Sears Brands, LLC*, 2019 IL App (1st) 180588, ¶ 39.

Though the First Amended Complaint now includes hundreds of paragraphs summarizing various email communications and discussions among the parties, Plaintiff fails to identify specific statements of FIB that would support its claims of common-law fraud. Plaintiff does not identify any specific materially false statement of FIB, that FIB knew or believed to be untrue, on which Plaintiff relied and suffered damages due to its reliance. Fraud claims based on state law are subject to the heightened pleading standard of Federal Rule of Civil Procedure 9(b) when brought in federal court. *Pierelli Armstrong Tire Corp. Retiree Medical Benefits Trust v. Walgreen Co.*, 631 F.3d 436, 441 (7th Cir. 2011). A plaintiff must ordinarily describe the "who, what, when, where, and how" of the fraud in order to state a valid claim. *Id.* Here, Plaintiff's First Amended

Complaint fails to state facts to plausibly support a claim of common-law fraud against FIB, and Count VI should accordingly be dismissed.

## IV. COUNT VII SHOULD BE DISMISSED FOR ITS FAILURE TO STATE A CLAIM OF CONSUMER FRAUD AGAINST FIB.

Count VII of Plaintiff's First Amended Complaint is brought against FIB and Berger Realty Group, pursuant to the Illinois Consumer Fraud and Deceptive Business Practices Act ("ICFA"). ICFA is a regulatory and remedial statute intended to protect consumers, borrowers, and business persons against fraud, unfair methods of competition, and other unfair and deceptive business practices. *Robinson v. Toyota Motor Credit Corp.*, 201 Ill.2d 403, 416-17 (2002). The Illinois Appellate Court has interpreted the statute to be disjunctive, allowing separate claims for unfair acts or practices and deceptive acts or practices. *Pappas v. Pella Corp.*, 363 Ill.App.3d 795, 804 (1st Dist. 2006). Plaintiff's First Amended Complaint claims that FIB engaged in both "unfair" and "deceptive" practices. Dkt. 24, ¶ 387. As a matter of law, Plaintiff's First Amended Complaint fails to state a claim of either an unfair practice or a deceptive practice against FIB.

### ***A.*** *Plaintiff Fails to State a Claim Against FIB for an "Unfair Practice" Under the ICFA.*

In determining whether conduct is "unfair" under the ICFA, courts look to the following factors: (1) whether the practice offends public policy; (2) whether it is immoral, unethical, oppressive, or unscrupulous; (3) whether it causes substantial injury to consumers. *Vanzant v. Hill's Pet Nutrition, Inc.*, 934 F.3d 730, 738-39 (7th Cir. 2019). A plaintiff alleging unfair practices must describe how the alleged unfair practice is oppressive or violates public policy. *Wendorf v. Landers*, 755 F.Supp.2d 972, 979 (N.D. Ill. 2010). Without such a description, the complaint fails to state a cause of action. *Id.* Fraud claims based on the ICFA are subject to the heightened pleading standard of Federal Rule of Civil Procedure 9(b) when brought in federal

court. *Pierelli Armstrong Tire Corp. Retiree Medical Benefits Trust v. Walgreen Co.*, 631 F.3d 436, 441 (7th Cir. 2011). Plaintiff's First Amended Complaint does not describe how FIB's alleged actions were contrary to public policy.

Plaintiff's First Amended Complaint also fails to allege that FIB's actions were "immoral, unethical, oppressive, or unscrupulous." Conduct is considered "oppressive" under the ICFA only if it imposes a lack of meaningful choice or an unreasonable burden on its target. *Centerline Equip. Corp. v. Banner Pers. Serv.*, 545 F.Supp.2d 768, 780 (N.D. Ill. 2008). A plaintiff must establish that the defendant's conduct is so oppressive that it leaves the consumer with little alternative except to submit to it. *Phillips v. Double Down Interactive, LLC*, 173 F.Supp.3d 731, 743 (N.D. Ill. 2016). Plaintiff fails to allege facts in its First Amended Complaint to demonstrate that Plaintiff was deprived of a meaningful choice.

Plaintiff's First Amended Complaint also fails to allege that FIB's actions caused "substantial injury" to consumers. A practice only causes "substantial injury" if the injury is (1) substantial; (2) not outweighed by any countervailing benefits to consumers or competition that the practice produces; and (3) one that consumers themselves could not have reasonably avoided. *Batson v. Live Nation Entertainment, Inc.*, 746 F.3d 827, 834 (7th Cir. 2014). The First Amended Complaint fails to allege such facts.

***B.*** *Plaintiff Fails to State a Claim Against FIB for a "Deceptive Practice" Under the ICFA.*

In order to state a cause of action for deceptive acts or practices under the ICFA, a plaintiff must allege: (1) a deceptive act or practice by Defendants; (2) Defendants intended Plaintiff rely on the deception; (3) the deception occurred in the course of conduct involving trade and commerce; and (4) actual damage to the plaintiff (5) proximately caused by the deception. *Cozzi Iron & Metal, Inc. v. U.S. Office Equipment, Inc.*, 250 F.3d 570, 576 (7th Cir. 2001).

As with Plaintiff's claims of common-law fraud, a plaintiff must plead with sufficient particularity facts which establish the elements of fraud under the ICFA, including what misrepresentations were made, when they were made, who made the misrepresentations, and to whom they were made. *Avon Hardware Co. v. Ace Hardware Corp.*, 2013 IL App (1st) 130750, ¶ 15. The allegations of Plaintiff's consumer fraud count are also insufficient to describe any alleged deceptive act or practice of FIB with the required particularity and specificity. Plaintiff does not identify any specific materially false statement of FIB, that FIB knew or believed to be untrue, on which Plaintiff relied and suffered damages due to its reliance.

For these reasons, Count VII of the First Amended Complaint must also be dismissed.

## V. CONCLUSION

Wherefore, for the above reasons, FLAT IRON BUILDING, LLC, respectfully requests that this Court dismiss Counts V, VI, and VII of Plaintiff's First Amended Complaint, with prejudice, pursuant to Federal Rule of Civil Procedure 12(b)(6), and grant any further relief it deems necessary and just.

Dated: June 16, 2023

Respectfully Submitted,

FLAT IRON BUILDING, LLC,

By: /s/ Christopher R. Johnson
One of its attorneys

Cary G. Schiff (ARDC #6192697)
Christopher R. Johnson (ARDC #6304827)
Cary G. Schiff & Associates
134 N. LaSalle St., Suite 1740
Chicago, IL 60602
Telephone: 312-419-1130
Facsimile: 312-419-9130
E-mail: caryschiff@cgschifflaw.com
*Counsel for Defendant Flat Iron Building, LLC*