**IN THE UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| THE BLUE NOTE, INC., d/b/a The Point,<br><br>*Plaintiff,*<br><br>v.<br><br>THE CITY OF CHICAGO,<br>FLAT IRON BUILDING, LLC,<br>BERGER REALTY GROUP, LLC,<br>ERICA BERGER,<br>RACHEL BREIDINGER,<br>ZVONKO OLEAR,<br>ARTHUR KWAN,<br>BAUM REALTY GROUP, LLC,<br>PATRICK FORKIN,<br>SAVAS ER,<br><br>*Defendants*. | ) | Case No. 23-cv-00648<br><br>Hon. Thomas M. Durkin |

**<u>DEFENDANT FLAT IRON BUILDING, LLC'S REPLY BRIEF IN SUPPORT OF ITS MOTION TO DISMISS COUNTS V, VI, AND VII OF PLAINTIFF'S FIRST AMENDED COMPLAINT</u>**

Defendant FLAT IRON BUILDING, LLC (hereinafter "FIB" or "Defendant") by and through its undersigned attorneys, Cary G. Schiff & Associates, hereby files the following Reply Brief in support of its motion to dismiss Counts V, VI, and VII of Plaintiff's First Amended Complaint, pursuant to Federal Rule of Civil Procedure 12(b)(6). In further support of its motion, Defendant FIB states as follows:

## Argument

### I. COUNT V OF THE FIRST AMENDED COMPLAINT (CONSPIRACY TO VIOLATE 42 U.S.C. §1983) SHOULD BE DISMISSED AS A MATTER OF LAW.

First, as Plaintiff's Count V is a derivative claim, based upon the underlying claims that the City deprived Plaintiff of its constitutional rights, in violation of 42 U.S.C. § 1983, Count V should be dismissed because the underlying claims fail as a matter of law, as well. FIB joins in the Motion to Dismiss of the City and adopts the City's arguments in its Motion and supporting reply brief as to dismissal of Plaintiff's claims underlying the alleged conspiracy.

Secondly, as a matter of law, this Court should find that Plaintiff's First Amended Complaint fails to state a plausible claim of conspiracy against FIB. In order to establish § 1983 liability through a conspiracy theory, a plaintiff must demonstrate that: (1) a state official and private individual(s) reached an understanding to deprive the plaintiff of his constitutional rights; and (2) those individuals were willful participants in joint activity with the State or its agents. *Fries v. Helsper*, 146 F.3d 452, 457 (7th Cir. 1998). Even accepting Plaintiff's allegations as true, the First Amended Complaint fails to state a claim for civil conspiracy against FIB that would satisfy the required elements of the claim. In its Response to FIB's Motion to Dismiss, Plaintiff restates a number of allegations from the First Amended Complaint, but these allegations fail to demonstrate that FIB and the City of Chicago reached an understanding to deprive Plaintiff of its constitutional rights. Again, the First Amended Complaint's allegations fail to establish FIB's "willful participation" in a joint agreement with the City to commit a constitutional tort against Plaintiff. A bare allegation of conspiracy is not enough to survive a motion to dismiss for failure to state a claim. *Cooney v. Rossiter*, 583 F.3d 967, 970 (7th Cir. 2009); *see also Hanania v. Loren-Maltese*, 212 F.3d 353, 356 (7th Cir. 2000) (requiring a showing of a concerted effort between a

private actor and state actor and that the actors reached an understanding to deprive the plaintiff of constitutional rights).

Accordingly, for the reasons stated above, and as stated in the Motions to Dismiss of FIB and the City, this Court should dismiss Count V of Plaintiff's First Amended Complaint for its failure to state a claim against FIB, pursuant to Federal Rule of Civil Procedure 12(b)(6).

## II. COUNT VI SHOULD BE DISMISSED FOR ITS FAILURE TO STATE A CLAIM OF FRAUD AGAINST FIB.

Plaintiff's First Amended Complaint fails to state a claim of fraud against FIB. To state a claim for common-law fraud, a plaintiff must meet a higher standard of pleading, with specific allegations of facts to support each element of a claim. *Merrilees v. Merrilees*, 2013 IL App (1st) 121897, ¶ 15. To satisfy that standard, a plaintiff must allege, with specificity and particularity, facts from which fraud is the necessary and probable inference, including what misrepresentations were made, when they were made, who made the misrepresentations, and to whom they were made. *People ex rel. Lindblom v. Sears Brands, LLC*, 2019 IL App (1st) 180588, ¶ 39. In order to state a cause of action for common law fraud, the essential elements of fraud must be pleaded with specificity. *Cramer v. Insurance Exchange Agency*, 174 Ill.2d 513, 528 (1996). Allegations of fraud must contain specific, directive manifestations of fraudulent intent in order to state an adequate claim. *See Bank of Northern Illinois v. Nugent*, 223 Ill.App.3d 1, 10-11 (1991).

In its Response to FIB's Motion to Dismiss, Plaintiff now attempts to piece together the elements of a claim of common-law fraud. Plaintiff's First Amended Complaint, however, fails to identify any specific materially false statement of FIB, that FIB knew or believed to be untrue, on which Plaintiff relied and suffered damages due to its reliance. The First Amended Complaint

fails to describe the "who, what, when, where, and how" of FIB's alleged fraud in order to state a valid claim. Count VI should accordingly be dismissed.

## III. COUNT VII SHOULD BE DISMISSED FOR ITS FAILURE TO STATE A CLAIM OF CONSUMER FRAUD AGAINST FIB.

As a matter of law, Plaintiff's First Amended Complaint fails to state a claim pursuant to the Illinois Consumer Fraud and Deceptive Business Practices Act ("ICFA"). Fraud claims based on the ICFA are subject to the heightened pleading standard of Federal Rule of Civil Procedure 9(b) when brought in federal court. *Pierelli Armstrong Tire Corp. Retiree Medical Benefits Trust v. Walgreen Co.*, 631 F.3d 436, 441 (7th Cir. 2011). A plaintiff must plead with sufficient particularity facts which establish the elements of fraud under the ICFA, including what misrepresentations were made, when they were made, who made the misrepresentations, and to whom they were made. *Avon Hardware Co. v. Ace Hardware Corp.*, 2013 IL App (1st) 130750, ¶ 15. In its Response to FIB's Motion to Dismiss, Plaintiff points to allegations in the First Amended Complaint based upon FIB's purported failure to make required repairs at the subject premises as Plaintiff's commercial landlord. As the Supreme Court of Illinois has stated, however, "A breach of contractual promise, without more, is not actionable under the Consumer Fraud Act." *Avery v. State Farm Mutual Automobile Insurance Co.*, 216 Ill.2d 100, 168 (2005). It is settled that the Consumer Fraud Act was not intended to apply to every contract dispute or to supplement every breach of contract claim with a redundant remedy. *Id.* Here, Plaintiff's First Amended Complaint fails to plead with sufficient particularity facts which establish the elements of fraud under the ICFA, including what misrepresentations were made, when they were made, who made the misrepresentations, and to whom they were made. For these reasons, Count VII of the First Amended Complaint must also be dismissed.

Wherefore, for the above reasons, FLAT IRON BUILDING, LLC, respectfully requests that this Court dismiss Counts V, VI, and VII of Plaintiff's First Amended Complaint, with prejudice, pursuant to Federal Rule of Civil Procedure 12(b)(6), and grant any further relief it deems necessary and just.

Dated: August 4, 2023

Respectfully Submitted,

FLAT IRON BUILDING, LLC,

By: /s/ Christopher R. Johnson
One of its attorneys

Cary G. Schiff (ARDC #6192697)
Christopher R. Johnson (ARDC #6304827)
Cary G. Schiff & Associates
134 N. LaSalle St., Suite 1740
Chicago, IL 60602
Telephone: 312-419-1130
Facsimile: 312-419-9130
E-mail: caryschiff@cgschifflaw.com
*Counsel for Defendant Flat Iron Building, LLC*