**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| **THE BLUE NOTE, INC., d/b/a The Point,**<br><br>**Plaintiff,**<br><br>**v.**<br><br>**THE CITY OF CHICAGO, FLAT IRON BUILDING, LLC, BERGER REALTY GROUP, LLC, ERICA BURGER, RACHEL BREIDINGER, ZVONKO OLEAR, ARTHUR KWAN, BAUM REALTY GROUP, LLC, PATRICK FORKIN, SAVAS ER,**<br><br>**Defendants.** | ) | **Case No. 23-cv-00648**<br><br>**Hon. Thomas M. Durkin** |

**SAVAS ER'S REPLY BRIEF IN SUPPORT OF FED. R. CIV. P. 12(b)(6) MOTION TO DISMISS COUNTS V AND VI OF THE FIRST AMENDED COMPLAINT**

The Defendant, Savas Er ("Er"), by his attorneys, submits the following Reply Brief in Support of his Motion to Dismiss Counts V and VI of the First Amended Complaint [Dkt. # 24] pursuant to Fed. R. Civ. P. 12(b)(6).

## SUMMARY

The Plaintiff's Response Brief is a recitation of the same conclusory allegations in the First Amended Complaint and its claims for conspiracy to violate 42 U.S.C. § 1983 ("the Act") and fraud against Er that fail to meet the heightened pleading standard required under Federal Rule of Civil Procedure 9.[1] There are no facts (as opposed to conclusions) alleged in the First Amended Complaint to plausibly show that Er willfully participated in any scheme with the other Defendants to violate the Act (Count V). Similarly, the Plaintiff's fraud claim (Count VI)—which the Plaintiff

[1] Unless otherwise stated, the defined terms herein are the same as those identified in the First Amended Complaint [Dkt. # 24] and Er's Motion to Dismiss [Dkt. # 46].

admits is premised on the same alleged conduct as the conspiracy claim—is devoid of the requisite specificity to support each of the elements. Accordingly, Counts V and VI of the First Amended Complaint against Er should be dismissed with prejudice.

## ARGUMENT

### I. The Plaintiff Fails to State a Claim for Conspiracy to Violate the Act Against Er (Count V).[2]

The Plaintiff's attempts to twist its conclusory allegations into a conspiracy involving Er fall short. The Plaintiff does not dispute that the conspiracy claim in Count V must be pled in accordance with the heightened pleading standard of Federal Rule of Civil Procedure 9(b). *See Vulcan Golf, LLC v. Google Inc.*, 552 F. Supp. 2d 752, 782-83 (N.D. Ill. 2008) (dismissing civil conspiracy claim where it failed to satisfy the heightened pleading standard in Rule 9(b)). The Plaintiff concedes this point in its Response Brief by arguing that Counts V and VI are "premised on the same fraudulent conduct." [Dkt. # 59, at pg. 11]. *See Borsellino v. Goldman Sachs Group, Inc.*, 477 F.3d 502, 507 (7th Cir. 2007) ("A claim that 'sounds in fraud'—in other words, one that is premised upon a course of fraudulent conduct—can implicate Rule 9(b)'s heightened pleading requirements."). Under heightened scrutiny, Er's alleged conduct is insufficient to support the Plaintiff's conspiracy claim.

The Plaintiff argues that its allegation that the City permitted the Plaintiff to reopen his bar despite no work having been performed to correct the Arts Building Violations supports its conspiracy claim against Er. However, the Plaintiff also alleges that the Buyers hired a contractor to correct fire code violations at the Arts Building in January of 2023. [Dkt. # 24, ¶ 322-323]. The Plaintiff fails to show how Er's hiring of a contractor and failing to perform any work constituted

[2] As stated in his Motion to Dismiss, Er incorporates and adopts the arguments raised in the City's Motion to Dismiss the First Amended Complaint [Dkt. # 37] and the briefing that followed.

a conspiracy with the City. According to the Plaintiff, the City allowed the Plaintiff to reopen in response to the filing of this lawsuit. This allegation fails to show any conspiracy with the City.

The Plaintiff's "theory" that "[Er's] failure to maintain 'leniency' with the City would have resulted in the City enforcing the Arts Building Violations against the other tenants of the Arts Building" is opaque. [Dkt. # 59, at pg. 7]. The City's decision on who to prosecute or not prosecute for code violation is within the City's sole discretion. There are no allegations that Er had an agreement with the City to allow other tenants to remain open in spite of code violations while preventing the Plaintiff from opening due to the same code violations.

The Plaintiff concedes that the alleged conspiracy predated Er's involvement by a significant period of time. The Plaintiff instead argues that Er joined the scheme when he had an interest in the outcome of the conspiracy. However, the Plaintiff fails to plead when this occurred or what wrongful act Er committed to advance the scheme. *See Daley v. G'Sell*, 430 N.E.2d 556, 560 (Ill. App. Ct. 1981) ("We believe that Count IV does not state a cause of action for civil conspiracy since there are no allegations of a wrongful act performed by defendants in furtherance of the 'conspiracy to defraud.'").

The Plaintiff concedes that it does not have direct evidence of any agreement by Er with the City, the party ultimately responsible for the fate of the Plaintiff's Late-Hour License. Nonetheless, the Plaintiff argues that Er was "rewarded" by the City not enforcing the Arts Building Violations against other tenants. Even if the City did not enforce the Arts Building Violations against other tenants, this incidental benefit to Er does not show his knowledge or participation in a common scheme. How could Er conspire with the City to obtain a benefit from it when he did not have any agreement with the City? The continuation of the *status quo* when Er purchased the Arts Building does not show an agreement with the City. *See Ashcroft v. Iqbal*, 556

U.S. 662, 668 (2009) ("Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief." (internal quotation marks removed)).

For the same reason, the Buyer's service of the Notice of Termination of Tenancy pursuant to Section 23(k) of the Lease does not demonstrate a conspiracy any more than a buyer merely exercising its rights under a lease. *See Iqbal*, 556 U.S. at 668; *Borsellino*, 477 F.3d at 509 ("'A defendant who innocently performs an act which happens to fortuitously further the tortious purpose of another is not liable under the theory of civil conspiracy.'" (*quoting Adcock v. Brakegate*, 645 N.E.2d 888, 894 (Ill. 1994))).

Likewise, there are no specific factual allegations to show that Er was aware of an agreement that FIB and the other Defendants allegedly formed. Assuming *arguendo* that Er instructed FIB not to complete repairs on the Arts Building and to evict the Plaintiff, there are no allegations that Er misrepresented to the Plaintiff that he would complete any repairs, and the Plaintiff does not allege that FIB filed a lawsuit seeking to evict the Plaintiff. Without facts to support a shared agreement involving Er, the Plaintiff's conspiracy claim against Er must be dismissed with prejudice. *See Borsellino*, 477 F.3d at 509 ("'The agreement is a necessary and important element of [a claim for civil conspiracy].'" (*quoting McClure v. Owens Corning Fiberglass Corp.*, 720 N.E.2d 242, 258 (Ill. 1999))).

## II. The Plaintiff Fail to State a Claim for Fraud Against Er (Count VI).

The Plaintiff's argues that Er "cites only surface level and basic case law addressing fraud generally without providing any actual analysis." [Dkt. # 59, at pg. 11]. This meager response is ironic because the Plaintiff does not present *any* case law or substantive analysis in its Response Brief to support its claim.

The Plaintiff argues that Er committed fraud by ordering FIB not to complete the Arts Building repairs and to evict the Plaintiff. However, there are no allegations that Er misrepresented to the Plaintiff that he would complete any repairs. Additionally, the Plaintiff does not allege that FIB filed a lawsuit seeking to evict the Plaintiff. The Plaintiff fails to show: (1) what Er represented that was false; (2) how Er intended to induce the Plaintiff to act; (3) how the Plaintiff relied on Er's statement; and (4) how the Plaintiff was damaged.

The Plaintiff's argument that Er's "willful inaction" constitutes fraud similarly misses the mark because the Plaintiff does not allege that Er represented to the Plaintiff that he would complete any repairs and that the Plaintiff relied to his detriment. The failure to do something cannot amount to fraud absent a misrepresentation and intent. *See Luciana v. Bestor*, 436 N.E.2d 251, 259 (Ill. App. Ct. 1982) ("The element of intent for intentional fraud involves 'intent to deceive, to mislead or to convey a false impression.'" (*quoting* Prosser, Torts § 107 at 700 (4th ed. 1971))).

The Plaintiff fails to plead the "'who, what, when, where, and how' of the fraud." *Pirelli Armstrong Tire Corp. Retiree Med. Benefits Tr. v. Walgreen Co.*, 631 F.3d 436, 441-42 (7th Cir. 2011). Without specific facts to support the threshold elements of fraud or any plausible theory of recovery against Er, Count VI must be dismissed with prejudice as to Er.

## CONCLUSION

WHEREFORE, the Defendant, Savas Er, respectfully requests that this Court enter an order dismissing Counts V and VI the First Amended Complaint [Dkt. # 24] pursuant to Fed. R. Civ. P. 12(b)(6) and granting any further relief this Court deems fair.

**SAVAS ER,**

By: /s/ Thomas J.K. Schick________
One of its attorneys

Marty J. Schwartz (#3124462)
Thomas J.K. Schick (#6330400)
Schain, Banks, Kenny & Schwartz, Ltd.
70 West Madison Street
Suite 5400
Chicago, IL 60602
(312) 345-5700
mschwartz@schainbanks.com
tschick@schainbanks.com

## CERTIFICATE OF SERVICE

I, Thomas J.K. Schick, an attorney, certify that on September 13, 2023, I filed a true and correct copy of the foregoing and served the below-named attorneys through the ECF system:

To: Daniel T. Fahner
Alex Calhoun Kosyla
RKF Global PLLC
555 Skokie Blvd.
Suite 450
60062
Northbrook, IL 60062
(202) 680-0971
Email: daniel.fahner@rkfglobal.com
Email: alex.kosyla@rkfglobal.com

Bradley Gordon Wilson
Aaron Talen Dozeman
City of Chicago Law Department
Constitutional and Commercial
Litigation Division
2 N. LaSalle Street
Suite 520
Chicago, IL 60602
312-744-7686
Email:
bradley.wilson@cityofchicago.org
Email:
aaron.dozeman1@cityofchicago.org

Christopher Randall Johnson
Cary G. Schiff & Associates
134 N. Lasalle St.
Suite 1740
Chicago, IL 60602
(312) 419-1130
Email: cgschifflaw@gmail.com

Paige Moray Neel
Clausen Miller P.C.
10 S. LaSalle Street
Suite 1600
Chicago, IL 60603
(312) 855-1010
Email: pneel@clausen.com

Craig Penrose
Laurie & Brennan, LLP
Two North Riverside Plaza
Suite 1750
Chicago, IL 60606
Phone: 312-445-8780
Email: cpenrose@lauriebrennan.com

/s/ Thomas J.K. Schick