**IN THE UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| THE BLUE NOTE, INC., d/b/a The Point, | ) | |
| Plaintiff, | ) | Case No. 23-cv-00648 |
| v. | ) | Hon. Thomas M. Durkin |
| THE CITY OF CHICAGO, FLAT IRON BUILDING, LLC, BERGER REALTY GROUP, LLC, ERICA BERGER, RACHEL BREIDINGER, ZVONKO OLEAR, ARTHUR KWAN, BAUM REALTY GROUP, LLC, PATRICK FORKIN, SAVAS ER, | ) | |
| Defendants. | ) | |

---

**DEFENDANT BAUM REALTY GROUP, LLC's**
**REPLY MEMORANDUM IN SUPPORT OF MOTION TO DISMISS**
**UNDER RULE 12(b)(1) AND RULE 12(b)(6)**

---

Craig Penrose
Laurie & Brennan, LLP
Two North Riverside Plaza
Suite 1750
Chicago, IL 60606
Phone: 312-445-8780
cpenrose@lauriebrennan.com

*Attorneys for Baum Realty Group, LLC*

**TABLE OF CONTENTS**


**I.** **INTRODUCTION**..........1

**II.** **"DECIPHERING" THE PROXLIX AMENDED COMPLAINT**..........2

**III.** **PLAINTIFF COMPLETELY FAILS TO ALLEGE PROPER SUBJECT MATTER JURISDICTION**..........3

**IV.** **PLAINTIFF'S *MONELL* FEDERAL CLAIMS ARE MERITLESS**..........6

**V.** **THE *ROOKER-FELDMAN* DOCTRINE BARS THE 1983 CLAIMS**..........8

**VI.** **THE LIQUOR CLAIM IS BARRED EVEN BEFORE A FINAL DECISION**..........9

**VII.** **THE STATE 1983 CONSPIRACY CLAIM IS MERITLESS**..........9

**VIII.** **PLAINTIFF ADMITS THE FRAUD CLAIM IS MERITLESS**..........11

**IX.** **THE ICFA CONSPIRACY CLAIM IS MERITLESS**..........11

**X.** **CONCLUSION**..........13

## TABLE OF AUTHORITIES

***Federal Cases***

*Arita v. Wexford Health Sources, Inc.*,
2016 WL 6432578 (N.D. Ill. 2016)........7

*Atanus v. S&C Elec. Co.*,
454 F. Supp. 2d 753 (N.D. Ill. 2006)........11

*Baer v. First Options of Chicago, Inc.*,
72 F.3d 1294 (7th Cir.1995)........3

*Bank of Am., N.A. v. Knight*,
725 F.3d 815 (7th Cir. 2013)........10

*Brown v. Bowman*,
668 F.3d 437 (7th Cir. 2012)........8

*Carmona v. City of Chicago*,
2018 WL 306664 (N.D. Ill. 2018)........7

*Chelsea Condo. Unit Owners Ass'n v. 1815 A St., Condo. Grp., LLC*, 468 F. Supp. 2d 136 (D.D.C. 2007)........3

*Citizens Against Ruining The Environment v. E.P.A.*,
535 F.3d 670 (7th Cir.2008)........1,3

*Cooney v. Rossiter*,
583 F.3d 967 (7th Cir. 2009)........10

*Falk v. Perez*,
973 F.Supp.2d 850 (N.D. Ill. 2013)........12

*Farnik v. F.D.I.C.*,
707 F.3d 717 (7th Cir. 2013)........3

*Fries v Helsper*,
146 F.3d 452 (7th Cir. 1998)........10

*Johnson v. Pushpin Holdings, LLC*,
748 F.3d 769 (7th Cir. 2014)........8

*Jones v. Feinerman*,
2011 WL 4501405 (N.D. Ill. 2011)........7

*Loubser v. Thacker*,
440 F.3d 439 (7th Cir. 2006)....................................................................10

*Lyon v. Whisman*,
45 F.3d 758 (3d Cir. 1995).......................................................................4

*Maple Lanes, Inc. v. Messer*,
186 F.3d 823 (7th Cir. 1999).....................................................................9

*Pirelli Armstrong Tire Corp. Retiree Med. Benefits Trust v. Walgreen Co.*,
631 F.3d 436 (7th Cir. 2011)....................................................................13

*Pratt v. Tarr*,
464 F.3d 730 (7th Cir. 2006)....................................................................10

*Serrano-Moran v. Grau-Gaztambide*,
195 F.3d 68 (1st Cir. 1999).......................................................................4

*Roberts v. Lakeview Cmty. Hosp.*,
985 F. Supp. 1351 (M.D. Ala. 1997).............................................................4

*Singh v. George Washington* Univ.,
368 F. Supp. 2d 58 (D.D.C. 2005)................................................................4

*Singh v. George Washington Univ. Sch. of Med. & Health Scis.*,
508 F.3d 1097 (D.C. Cir. 2007)...................................................................4

*Taylor v. District of Columbia*,
626 F. Supp. 2d 25 (D.D.C. 2009)................................................................4

*Taylor v. Fed. Nat'l Mortg. Ass'n*,
374 F.3d 529 (7th Cir. 2004).......................................................................8

*Taylor v. Wexford Health Sources, Inc.*,
2016 WL 3227310 (N.D. Ill. 2016)................................................................7

*Winchester v. Marketti*,
2012 WL 2076375 (N.D. Ill. 2012)................................................................7

***Illinois Cases***

*Adcock v. Brakegate, Ltd.*,
164 Ill.2d 54 (1994)...............................................................................5,6

*Buckner v. Atlantic Plant Maintenance, Inc.*,
182 Ill.2d 12 (1998)..................................................................................9

*Heying v. Simonaitis*,
126 Ill.App.3d 157 (1st Dist. 1984)........................................................................9

*McClure v. Owens Corning Fiberglas Corp.*,
188 Ill.2d 102 (1999)........................................................................5,6

*Scott v. Aldi, Inc.*,
301 Ill.App.3d 459 (1st Dist. 1998)........................................................................11,12

***Federal Statutes***

28 USC § 1367........................................................................1,3

42 USC § 1983........................................................................*passim*

***State Statutes***

815 ILCS 505/1(f)........................................................................12

***Federal Rules of Civil Procedure***

Fed. R. Civ. P. 9........................................................................13

# I. INTRODUCTION

Plaintiff's Opposition does not explain the proper lens through which to examine a 12(b)(1) or 12(b)(6) motion. Indeed, Plaintiff ***does not even mention*** 12(1) or 12(6) in its Opposition. Plaintiff's Opposition further provides ***nothing*** to explain the standard for 12(b)(6) concerning any type of conspiracy claims.

Plaintiff's Opposition also spends a total of two sentences addressing the critical subject matter jurisdiction issue ***with no reference to any case law or statute***. Plaintiff does nothing to refute Baum's critical subject matter concerns—thus essentially waiving any argument. See *Citizens Against Ruining The Environment v. E.P.A.,* 535 F.3d 670, 675 (7th Cir.2008) (finding that a one-sentence statement in an opening brief, later developed more fully in the reply brief, constituted wavier). This dooms Plaintiff's entire Amended Complaint as to Baum. Perhaps Plaintiff's surrender on subject matter jurisdictions is because ***it has nothing*** to demonstrate § 1367 supplemental jurisdiction.

Plaintiff's response to the *Monell* argument (by pointing to its brief in the City of Chicago motion) further does nothing to get its underlying Section 1983 claims past the dismissal stage. Plaintiff's only claim as to *Monell* was a "wide spread unofficial policy" liability theory, but it provides ***absolutely nothing*** in the Amended Complaint or the Opposition provide any support for such a claim. And with no underlying § 1983 claim, there can be no "conspiracy" to violate § 1983. Further, Plaintiff's responses to *Younger* and *Rooker* are also extremely deficient concerning the underlying § 1983 claims.

Finally, Plaintiff provides no plausible argument that the Amended Complaint contains even a scintilla of evidence to support fraud and ICPA act conspiracy claims concerning alleged fraudulent or misrepresentations made ***directly*** to Plaintiff as required. In sum, the Amended Complaint must be dismissed in total as to Baum.

## II. "DECIPHERING" THE PROXLIX AMENDED COMPLAINT

Plaintiff's 392-paragraph Amended Complaint and the Opposition Brief careens back and forth from whether all of the jumble of alleged facts actually create any claims. Perhaps Plaintiff's Opposition to the City's Motion to Dismiss provides the most succinct summary of its claims as follows:

> Here, Plaintiff alleges: (1) that Plaintiff was the only tenant closed by DOB for the Arts Building Violations, and that the City used either the Summery Closure Ordinance or DOB to keep Plaintiff closed until the City accomplished its goal of modifying Plaintiff's Late Hour License, or revoking Plaintiff's Late Hour License, or otherwise caused Plaintiff to be unable to operate (Complaint ¶¶ 58-65; 81-83; 124; 135-136; 243-244; 253; 301-302; 332); (2) the City retaliated against Plaintiff for refusing to sign a Nuisance Abatement Plan with an indefinite duration, that the City conspired with FIB to keep Plaintiff closed under the Emergency Closure Order, that the Emergency Closure Order was used solely to coerce Plaintiff into signing an indefinite Nuisance Abatement Plan (as evidenced by the allegations that the Property was allowed to re-open despite the Arts Building Violations being in substantially the same condition was it was when the Emergency Closure Order was issued), and that the City continues to prosecute allegations for which Plaintiff was already found *not* responsible (*id.* ¶¶ 58-65; 81-83; 124; 135-136; 243-244; 253; 301-302; 332; 118-179; 307); and (3) that Plaintiff was allowed to re-open by the City only after this lawsuit was filed, and despite the fact that no work had been done or permits had been pulled to repair the "Structural," "Fire Protection," or "PVC piping" issues (*id.* ¶¶ 324-332). These

(Plaintiff Opposition to City Motion to Dismiss, pg. 12).

Notably absent in Plaintiff's rendition ***of its own Amended Complaint*** is any "conspiracy" agreement between any person at the City and any private defendant.

## III. PLAINTIFF COMPLETELY FAILS TO ALLEGE PROPER SUBJECT MATTER JURISDICTION

Plaintiff's two sentences in its Opposition addressing subject matter jurisdiction claims that it has "asked this Court to exercise supplemental jurisdiction over plaintiff's state law claims" (Opposition pg. 4). Plaintiff thus concedes (not surprisingly) that there are no federal claims against Baum. ***However,*** nothing in the Amended Complaint intones any form of "supplemental jurisdiction" or even references 28 USC § 1367 as to the claims against Baum. An Opposition Brief is not a Complaint, so it cannot "bootstrap" such claim through the Brief by two sentences. This dooms the Complaint as to Baum.

Case law is clear—***"The party asserting jurisdiction bears the burden of establishing that it exists."*** *Farnik v. F.D.I.C.,* 707 F.3d 717, 721 (7th Cir. 2013). Plaintiff completely ***fails its burden***. And as referenced above, such insufficient explanation in its brief is tantamount to a waiver. *Citizens Against Ruining The Environment v. E.P.A.,* 535 F.3d 670, 675 (7th Cir.2008) (finding that a one-sentence statement in an opening brief, later developed more fully in the reply brief, constituted wavier). Dismissal of all claims against Baum under 12(b)(1) is required.

But even if this Court gives an improper pass to Plaintiff on its burden (which it clearly cannot), it is clear, based on the face of the Amended Complaint, that Plaintiff comes nowhere close to meeting the 28 USC § 1367 standard with its allegations. The Seventh Circuit has held that two claims are part of the same case or controversy under § 1367 if they " 'derive from a common nucleus of operative facts.' " *Baer v. First Options of Chicago, Inc.,* 72 F.3d 1294, 1299 (7th Cir.1995). "[S]tate law claims do not derive from a common nucleus of operative facts if there ***is almost no factual or legal overlap*** between the state and federal claims." *Chelsea Condo. Unit Owners Ass'n v. 1815 A St., Condo. Grp., LLC,* 468 F. Supp. 2d 136, 141 (D.D.C. 2007). And "some background factual overlap" between a state claim and a federal claim is not sufficient to

establish a "common nucleus of operative fact" either. *Wisey's #£1 LLC v. Nimellis Pizzeria LLC*, 952 F.Supp.2d 184, 189 (D.D.C. 2013).

Various cases have found no supplemental jurisdiction when the federal facts and state facts are not overlapping. See *Serrano-Moran v. Grau-Gaztambide,* 195 F.3d 68, 69 (1st Cir. 1999) (noting that, while the plaintiffs sued under federal civil rights law for a police beating and under state law for medical malpractice by the hospital and the doctors who treated resulting injuries, the court found no supplemental jurisdiction over the single event of son's death because "facts and witnesses as to the two sets of claims [were] essentially different"); *Lyon v. Whisman*, 45 F.3d 758, 763 (3d Cir. 1995) (noting that the plaintiff's additional state law theories surrounding the nonpayment of a bonus was not supplemental to the federal law theory of nonpayment of overtime because the federal facts were "very narrow, well-defined" and the state facts arising out of nonpayment to the same employee for the same job "were quite distinct"); *Taylor v. District of Columbia*, 626 F. Supp. 2d 25, 29 (D.D.C. 2009) (rejecting supplemental jurisdiction over federal and state claims involving one house as "completely separate: Hicks'[s] liability stems from an alleged failure to remedy the lead-based paint hazard, whereas the District's liability stems from its alleged failure to compel Hicks to remedy the lead-based paint hazard"); *Singh v. George Washington* Univ., 368 F. Supp. 2d 58, 72 (D.D.C. 2005) (noting that while the plaintiff sued under federal disability law for dismissal from school by the dean, court could perceive "almost no factual or legal overlap" with the dean's counterclaim for defamation for bringing the suit), *vacated sub nom. Singh v. George Washington Univ. Sch. of Med. & Health Scis.,* 508 F.3d 1097 (D.C. Cir. 2007); *Roberts v. Lakeview Cmty. Hosp.,* 985 F. Supp. 1351, 1351-52 (M.D. Ala. 1997) (discussing a case in which the plaintiff sued the hospital under Title VII for demotion and

replacement for her reaction to battery by the surgeon but the court had no supplemental jurisdiction over the state law battery theory against the surgeon).

In this case, the face of Amended Complaint shows there is no relationship between the federal facts and the state facts. The federal claims are based on: (1) the facts surrounding the Summary Closure ***by the CPD*** (Amended Complaint, ¶ 100); (2) the facts surrounding the closure of the entire building on February 18, 2022 ***by Chicago Department of Buildings*** due to alleged building violations (Amended Complaint, ¶ 114); (3) the facts surrounding the Summary Closure ***hearing*** (Amended Complaint, ¶ 266); and (4) the facts surrounding the ***administrative case 22-LR-11*** liquor revocation hearing (Amended Complaint, ¶ 299). The 22 LR-11 hearing apparently has been continued to October 18, 2023 (see attached schedule).

Based on those claimed actions ***solely taken by the City of Chicago entities***, Plaintiff frames its three federal § 1983 claims as: (1) an equal protection violation (i.e. a class of one treatment); (2) some ill-defined First Amendment freedom of speech claim; and (3) a denial of due procedural due process claim.

But the facts supporting the state claims against Baum do not depend on what the City of Chicago did. Illinois law on conspiracy states: In order to state a claim for civil conspiracy, a plaintiff must allege ***an agreement and a tortious act committed in furtherance of that agreement.*** *McClure v. Owens Corning Fiberglas Corp.*, 188 Ill.2d 102, 133 (1999)(citing *Adcock v. Brakegate, Ltd.*, 164 Ill.2d 54, 62–64, (1994))(emphasis added). The agreement is "a necessary and important" element of this cause of action. *McClure,* 188 Ill.2d at 133, (citing *Adcock*, 164 Ill.2d at 62).

The Illinois Supreme Court has stated the function of a civil-conspiracy claim is to extend "liability for a tortious act beyond the active tortfeasor ***to individuals who have not acted but have***

***only planned, assisted, or encouraged the act."*** *McClure,* 188 Ill.2d at 133 (citing *Adcock,* 164 Ill.2d at 62–63)(emphasis added). To recover under a theory of civil conspiracy, a plaintiff must prove an agreement and a tortious act committed ***in furtherance of that agreement***. *McClure,* 188 Ill.2d at 133–34 (emphasis added).

It is not disputed that the City of Chicago (and its sub-divisions) was the only entity that could have issued Summary Closure Order, issued the citations, attempted to revoke any liquor license; and the City is the only entity that could have denied the due process in a hearing on those issues, but those facts will not be critical to the conspiracy claim ***against Baum.***

Rather, under the case law outlined above, the issues will be quite different concerning Baum in that the facts will concern whether there was ***an agreement*** between someone at the City and Baum, and whether somehow Baum also planned, assisted, or encouraged an act, and whether the City acted ***on that agreement,*** and whether there was a tortious act committed ***in furtherance of that agreement.*** Bottom line, virtually all of the facts to demonstrate any supposed conspiracy will not overlap with the facts on the federal claims. There is no supplemental jurisdiction.

Likewise, concerning the claim for fraud (Count VI) the factual issues will be what did Baum ***say directly to plaintiff*** as a material misrepresentation. That has nothing to with the City's actions. Likewise the IPCA claim (Count VII) concerning what specific alleged ***misrepresentations where made directly to Plaintiff or any other party or by Baum or any other party.*** Again that has nothing to do with the City actions under the federal law and § 1983. There is essentially no overlap of facts and thus dismissal under 12(b) (1) is required.

## IV. PLAINTIFF'S *MONELL* FEDERAL CLAIMS ARE MERITLESS

As explained in Baum's motion, Plaintiff's "conspiracy" to violate § 1983 (which are state claims) must have a valid underlying § 1983 claim. Plaintiff has no such claim for numerous

reasons, including that its *Monell* claims are meritless. As explained in Baum's Opening Memorandum, a §1983 claim directly against the City can only be brought in three circumstances as outlined in the *Monell* case. In Plaintiff's Opposition, Plaintiff could not be bothered to provide any argument, but rather simply stated "look at our brief responding to the City" (Plaintiff's Opposition, pg. 5). Setting aside for the moment whether such "punting" of an argument is even valid[1], Plaintiff provides nothing in its City Opposition to get over the *Monell* issue to even make a proper § 1983 claim.

As properly pointed out by the City of Chicago in its briefs, Plaintiff's allegation provide nothing concerning final policy maker (i.e. the City Council), provides nothing to support an express policy, but simply claims by conclusory statement, that there is a wide spread unofficial policy ***based on its own experience*** (Plaintiff Opposition to City Motion to Dismiss, pg. 12-13). But case law is clear: "Courts in this District regularly dismiss *Monell* claims where the plaintiff has failed to allege instances ***other than that from which he suffered***." *Carmona v. City of Chicago*, 2018 WL 306664, at *2 (N.D. Ill. 2018); see also *Arita v. Wexford Health Sources, Inc.*, 2016 WL 6432578, at *2 (N.D. Ill. 2016) (rejecting *Monell* claim because plaintiff's own experiences were the only allegations of misconduct); *Taylor v. Wexford Health Sources, Inc.*, 2016 WL 3227310, at *4 (N.D. Ill. 2016) (same); *Winchester v. Marketti*, 2012 WL 2076375, at *4 (N.D. Ill. 2012) ("What is fatal to the *Monell* claims, however, is that Plaintiff makes no attempt to plead a pattern of similar constitutional violations with any degree of factual specificity."); *Jones v. Feinerman*, 2011 WL 4501405, at *6 (N.D. Ill. 2011) (dismissing a *Monell* claim because plaintiff alleged deliberate indifference that was limited "only to him").

[1] As noted by the Seventh Circuit "Judges are not like pigs, hunting for truffles buried in [the record]." *United States v. Dunkel,* 927 F.2d 955, 956 (7th Cir.1991).

Plaintiff has provided nothing to support a plausible claim under a widespread unofficial policy prong of *Monell* under the *Twombly/Iqbal* standard as outlined in Baum's motion. With no federal claims, there is no "conspiracy" to violate § 1983 (Count V). And if there is no federal claims there is also no supplemental jurisdiction, so the case must be dismissed.

## V. THE *ROOKER-FELDMAN* DOCTRINE ALSO BARS THE § 1983 CLAIMS

As explained in Baum's Opening Memorandum, the *Rooker-Feldman* doctrine "bars" federal claims in two instances. The first involves a plaintiff's request of a federal district court to *overturn* an adverse state-court judgment. The second involves federal claims that were not raised in state court or do not on their face require review of a state court's decision." *Brown v. Bowman,* 668 F.3d 437, 442 (7th Cir. 2012) (citing *Taylor v. Fed. Nat'l Mortg. Ass'n*, 374 F.3d 529, 532–33 (7th Cir. 2004)). In the second case, "*Rooker-Feldman* will act as a jurisdictional bar if those claims are 'inextricably intertwined' with a state court judgment." *(Id.)* (quoting *Taylor,* 374 F.3d at 533). If the suit does not seek to vacate the judgment of the state court and instead seeks damages for ***independently*** unlawful conduct, it is not barred by *Rooker-Feldman*. See *Johnson v. Pushpin Holdings, LLC,* 748 F.3d 769, 773 (7th Cir. 2014).

In this case, Plaintiff has admitted that it has abandoned its Summary Closure appeal (Opposition pg. 5), thus that is a final decision. But far from Plaintiff "focusing on this case" as it claims, the *Rooker Feldman* doctrine kicks in and ***bars*** the claims here. Thus the Plaintiff's claims related to the summary closure and its claims for alleged citations that were at the heart of the Summary Closure Hearing as detailed in the Amended Complaint itself (¶¶ 274-276) are now barred as those claims were part of the dismissed case cannot be challenged in any manner here.

## VI. THE LIQUOR CLAIM IS BARRED EVEN BEFORE A FINAL DECISION

Plaintiff is still challenging case 22 LR-011 which has to do with its liquor license. Plaintiff has been less than clear on whether the proceeding concerns revoking the license in total, or just the late night part of the license. But in any event, the Seventh Circuit has found that when a state court revokes a liquor license, any appeal must be from ***that decision***, precluding any federal 42 USC § 1983 claims. *Maple Lanes, Inc. v. Messer,* 186 F.3d 823, 825 (7th Cir. 1999).

As previously explained, and in language directly applicable here, the *Maple Lanes* Court stated "A plaintiff may not circumvent the effect of the *Rooker–Feldman* doctrine simply by casting his complaint in the form of a federal civil rights action [citation]. In essence, Maple Lanes seeks to undo the effect of the revocation of its liquor license by collecting an amount of damages from Messer for the alleged violation of its constitutional rights equal to the monetary value of the license. The *Rooker–Feldman* doctrine does not permit this result." *Id.* The case would need to be dismissed under *Rooker-Feldman* even after the final stated judgment. There will be no scenario where the liquor license issue is decided in federal court as a "civil rights" claim. If the state system ultimately provides Plaintiff with relief, any claim is moot. And if the state system denies relief for Plaintiff, any civil rights claim is barred under *Maple Lanes*. With no § 1983 liability, there can be no conspiracy.

## VII. THE STATE § 1983 CONSPIRACY CLAIM IS MERITLESS

As explained in Baum's Opening Memorandum, Illinois law is clear, that "[t]he mere characterization of a combination of acts as a conspiracy is insufficient to withstand a motion to dismiss." *Buckner v. Atlantic Plant Maintenance, Inc.,* 182 Ill.2d 12, 23 (1998). To allege a conspiracy, "the complaint must set forth with particularity the facts and circumstances constituting the alleged conspiracy." *Heying v. Simonaitis*, 126 Ill.App.3d 157, 163 (1st Dist. 1984)

And specifically in order to establish 1983 liability through a conspiracy theory in federal courts, a plaintiff must demonstrate that a state official and private individual(s) reached an understanding to deprive the plaintiff of his constitution rights and those individuals were willful participants in the joint activity with the State or its agents. *Fries v Helsper,* 146 F.3d 452, 457 (7th Cir. 1998).

Plaintiff spends pages 6-10 of its Opposition pointing to its Amended Complaint and how various statements of the various defendants "could" be a conspiracy. However, ***completely missing*** from this entire dissertation is that there is absolutely no discussion and no allegations that any ***private party reached an understanding with a specific City official***. That failure dooms the state conspiracy to violate § 1983 (even assuming there was a proper *Monell* claim—which there is not). *Fries* is clear if there is no agreement with a state official there is no conspiracy on a pleading basis. Without that critical element, the case does not even meet the Tw*ombly/Iqbal* plausibility standard.

A plaintiff must set forth allegations with the specific defendants, the approximate time period of the conspiracy, and the general purpose of the conspiracy. See *Loubser v. Thacker*, 440 F.3d 439, 443 (7th Cir. 2006). A plaintiff is not required to plead a "precise causal connection" between the actions of the defendants and the alleged violations, but instead only a "tenable theory or basis of suit." *Pratt v. Tarr*, 464 F.3d 730, 732–33 (7th Cir. 2006). At the same time, the plaintiff must allege that "a particular defendant joined the conspiracy and knew of its scope." *Bank of Am., N.A. v. Knight,* 725 F.3d 815, 818 (7th Cir. 2013). Neither "a bare allegation of conspiracy," nor "mere suspicion that persons adverse to the plaintiff had joined a conspiracy against him or her [,] * * * [is] * * * enough to survive a motion to dismiss for failure to state a claim." *Cooney v. Rossiter,* 583 F.3d 967, 971 (7th Cir. 2009).

The Amended Complaint provide not a scintilla of fact to support an "understanding" or "agreement" between Baum and the City of Chicago (or any other defendant). Moreover, the Amended Complaint is completely silent on who at Baum and who at the City made this alleged agreement. In the words of *Bell Atlantic* "The factual allegations in the complaint must at least "raise a right to relief above the speculative level." *Bell Atl. Corp.*, 550 U.S. at 555. The Amended Complaint stops at the speculative level and provide nothing further. The dismissal of the § 1983 Conspiracy claim is required.

## VIII. PLAINTIFF ADMITS THE FRAUD CLAIM IS MERITLESS

Admitting that it has no allegations that Baum made any fraudulent statement to Plaintiff, Plaintiff admits the claim must be dismissed. Plaintiff suggests it will amend its claim. Obviously until Plaintiff files a motion for leave with the attached proposed "conspiracy for fraud claim" no comment is necessary.

## IX. THE ICFA CONSPIRACY CLAIM IS MERITLESS

Plaintiff provides no rationale for how a conspiracy claim can be based on a statutory cause of action. Plaintiff cites ICFA cases on the ICFA standard (Opposition pg. 12) but that begs the question—can a statutory cause of action be a tort that is the underlying claim that is needed for conspiracy. On that score Plaintiff comes up empty. Judge Bucklo of this District also did not think so. See *Atanus v. S&C Elec. Co.,* 454 F. Supp. 2d 753, 756 (N.D. Ill. 2006) ("A violation of a federal regulation is not a tort. Accordingly, a violation of the regulation involved in this case is not an unlawful act that could form the basis of [the plaintiff's] conspiracy claims.").

As noted, a civil conspiracy claim must be founded upon a "tortious act." *Scott v. Aldi, Inc.,* 301 Ill.App.3d 459, 462 (1st Dist. 1998) ("The gist of a civil conspiracy claim is not the agreement itself, but the tortious acts performed in furtherance of the agreement."). Case law is

clear that Illinois law would not recognize such statutory violations as "torts" for purposes of a civil conspiracy claim. See *Scott,* 234 Ill.Dec. 665, 703 N.E.2d at 529 (holding that the "violation of a statute or ordinance" can be tortious if the statute is "designed to protect human life or property"). Plaintiff provide nothing to suggest that ***this*** IFCA claim is "designed to protect human life or property" for the simple reason that it does not. *Scott* preclude this conspiracy claim.

Plaintiff alleged that FIB and BRG used unfair and deceptive acts (First Amended Complaint, ¶ 387). Plaintiff further alleged that FIB and BRG used their unfair and/or deceptive acts to gain leniency with the City so that the Arts Building violation would not be enforced against the other tenants (First Amended, Complaint, ¶ 388).

Plaintiff provided no facts to support that FIB or BRG made these alleged unfair and/or deceptive act ***directly to Plaintiff*** which is a critical element of that claim. Moreover, such acts must involve trade or commerce. As noted above, the terms 'trade' and 'commerce' mean the advertising, offering for sale, sale, or distribution of any services and any property, tangible or intangible, real, personal or mixed, and any other article, commodity, or thing of value wherever situated, and shall include any trade or commerce directly or indirectly affecting the people of this State." 815 ILCS 505/1(f).

Nothing in the First Amended Complaint provides any factual support that either FIB or BRG provide any of these advertising or offering acts ***directly to Plaintiff***. Further, Plaintiff does not point to any statement made directly to it. As explained in Baum's Opening Memorandum, this trade or commerce issue was the result in *Falk v. Perez*, 973 F.Supp.2d 850 (N.D. Ill. 2013). In that case, the court rejected a claim that an eviction was a trade or commerce because there was no advertising or offering. The underlying claim is deficient, so there can be no conspiracy.

Finally, the Rule 9 pleading standard also applies to the Consumer Fraud and Deceptive Business Practice Act claim. *Pirelli Armstrong Tire Corp. Retiree Med. Benefits Trust v. Walgreen Co.,* 631 F.3d 436, 446–47 (7th Cir. 2011). Much like the common law fraud claim, there are no facts here that meet the heightened pleading standard for the ICFA conspiracy claim. With no underlying claim, there can be no conspiracy. In addition, there is nothing alleged for any agreement between any Defendant and Baum concerning these acts. Dismissal is required.

## X. CONCLUSION

For all of the above reasons the Motion to Dismiss must be granted.

Respectfully Submitted:

s/Craig G. Penrose

Craig Penrose
Laurie & Brennan, LLP
Two North Riverside Plaza
Suite 1750
Chicago, IL 60606
Phone: 312-445-8780
cpenrose@lauriebrennan.com

## CERTIFICATE OF SERVICE

I, Craig G. Penrose, an attorney, certify that on October 19, 2023, I filed a true and correct copy of the foregoing and served the below-named attorneys through the ECF system:

To: Daniel T. Fahner
Alex Calhoun Kosyla
RKF Global PLLC
555 Skokie Blvd. Suite 450
Northbrook, IL 60062
(202) 680-0971
Email: daniel.fahner@rkfglobal.com
Email: alex.kosyla@rkfglobal.com

*Attorneys for Plaintiff*

Bradley Gordon Wilson
Aaron Talen Dozeman
City of Chicago Law Department, Constitutional and Commercial Litigation Division
2 N. LaSalle Street
Suite 520
Chicago, IL 60602
312-744-7686
Email: bradley.wilson@cityofchicago.org
Email: aaron.dozeman1@cityofchicago.org

*Attorney for Defendant City of Chicago*

Christopher Randall Johnson
Cary G. Schiff & Associates
134 N. Lasalle St., Suite 1740
Chicago, IL 60602
(312) 419-1130
Email: cgschifflaw@gmail.com

*Attorney for Defendant Flat Iron*

Paige Moray Neel
Clausen Miller P.C.
10 S. LaSalle Street, Suite 1600
Chicago, IL 60603, (312) 855-1010
Email: pneel@clausen.com

*Attorney for BRG Defendants*

Marty J. Schwartz
Thomas J.K. Schick
Schain Banks Kenney & Schwartz, Ltd.
70 West Madison, Suite 5400
Chicago Il 60602
(312) 345-5700
mschwartz@schainbanks.com
tschick@schainbanks.com

*Attorney for Defendant Savas ER*

s/Craig G. Penrose
Craig G. Penrose