**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| THE BLUE NOTE, INC. d/b/a The Point, an Illinois corporation, | ) | |
| Plaintiff, | ) | No. 23 CV 648 |
| v. | ) | Hon. Jeffrey I. Cummings |
| THE CITY OF CHICAGO, a Municipal Corporation, *et al.*, | ) | |
| Defendants. | ) | |

**DEFENDANT CITY OF CHICAGO'S SUPPLEMENTAL MEMORANDUM IN FURTHER SUPPORT OF ITS MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT**

Defendant City of Chicago, with leave of Court granted on October 25, 2023, dkt. 69, submits this supplemental memorandum in further support of its motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). In support, the City respectfully states as follows:

1. As the City explained in its motion to dismiss, Plaintiff The Blue Note, Inc.'s bar, The Point, has been the subject of various administrative and judicial proceedings, along with this action. These included, among others, two challenges which were ongoing at the time the City briefed its motion to dismiss:

- A state court action seeking judicial review of an administrative decision by the Department of Business Affairs and Consumer Protection to uphold the Chicago Police Department's imposition of a summary closure, No. 2022 CH 07916.
- A Mayor's License Discipline Commission (MLDC) proceeding regarding alleged ordinance violations related to Plaintiff's liquor license.

2. The City moved to dismiss several claims that overlapped with these proceedings under the abstention doctrine derived from *Younger v. Harris*, 401 U.S. 37 (1971), which

generally requires a federal court to abstain from hearing an action where there are related and ongoing state-court proceedings.

3. Since completion of briefing on the City's motion to dismiss, the Circuit Court of Cook County dismissed Blue Note's challenge to the summary closure order, No. 2022 CH 07916, as moot. *See* Ex. 1. Blue Note did not appeal and the time to do so expired. Blue Note also indicated in this litigation that it has abandoned No. 2022 CH 07916 to avoid dismissal here under *Younger*. *See* Dkt. 65 at 5.

4. And, on October 24, 2023, the MLDC proceeding was resolved by settlement. Under the terms of the settlement, Blue Note "waive[d]" its right to contest the citation and "voluntarily agree[d]" to an 18-day closure of The Point (which had already occurred and was considered time served). *See* Ex. 2.[1]

5. Accordingly, *Younger* no longer applies to the 42 U.S.C. § 1983 claims (equal protection, retaliation, and due process claims) and related state-law claims that are based on events surrounding the summary closure order or MLDC proceeding, as neither is ongoing. The City therefore withdraws its *Younger* arguments.

6. But the rule against claim splitting, which is related to the defense of res judicata, bars the portions of this action that are based on the summary closure order. The state court's dismissal on mootness grounds is not considered an adjudication on the merits under Illinois law, and therefore does not preclude this action under the doctrine of res judicata. But the rule against claim splitting bars these claims because the bar against claim splitting does not require a final adjudication on the merits — only an identity of parties and claims. *See Scholz v. United States*,

[1] While not necessary to the disposition of the Motion, the City notes that the settlement undermines — if it does not contradict entirely — Plaintiff's allegations that (i) the MLDC proceeding could be characterized as a "Revocation Hearing" that would necessarily result in the loss of Plaintiff's license, *see* dkt. 37 at 22 n.5, and (ii) that the underlying citation was entirely meritless, *see* dkt. 24 at 16, ¶ 98.

18 F.4th 941, 951 (7th Cir. 2021); *Svendsen v. Ill. Dep't Pub. Health*, No. 22 C 1269, 2023 WL 1771240, at *4 (C.D. Ill. Feb. 3, 2023) (rejecting res judicata defense because state court dismissal for mootness was not final adjudication on the merits but concluding that federal action raising federal claims violated Illinois rule against claims splitting). "[C]laim splitting allows a trial court to exercise discretion, while res judicata does not." *Cooper v. Retrieval-Masters Creditors Bureau, Inc.*, 42 F.4th 688, 697 (7th Cir. 2022).

7. There is plainly an identity of parties because they are the same in both actions: Blue Note and the City of Chicago. *See* Ex. 1. There also is identity of claims. Claims are the same "'if they arise from a single group of operative facts, regardless of whether they assert different theories of relief."' *Huon v. Johnson & Bell, Ltd.*, 757 F.3d 556, 558 (7th Cir. 2014) (quoting *River Park, Inc. v. City of Highland Park*, 703 N.E.2d 883, 893 (Ill. 1998)). Plaintiffs are "obliged to raise all claims that stem from the same transaction or series of related transactions (what courts sometimes call the 'core of operative facts')." *Nalco Co. v. Chen*, 843 F.3d 670, 674 (7th Cir. 2016) (citing Restatement (Second) of Judgments § 24 (1982)); *see also Wilson v. City of Chicago*, 120 F.3d 681, 687 (7th Cir. 1997) ("Two claims arising from the same facts are one claim for *res judicata* purposes, and may not be split[.]").

8. In the state-court action, Blue Note challenged the summary closure order by writ of *certiorari*, seeking to reverse the administrative decision to uphold the summary closure order. And here, Blue Note also challenges the summary closure order by seeking money damages under § 1983 and related state-law causes of action. The universe of facts is accordingly the same. As explained in the initial motion to dismiss, Blue Note could have raised the claims brought here in the state court action, but did not. *See* Dkt. 37 at 12–13. Thus, there is identity of causes of action.

9. Accordingly, the City withdraws its abstention arguments under *Younger*. But for the reasons above and the reasons set forth in the City's initial motion to dismiss, this Court should dismiss this action regardless.

10. The Parties have conferred regarding the schedule for this briefing, and counsel for Plaintiff indicated that they request 21 days, until November 21, 2023, to file a response to this supplemental memorandum.

Date: October 31, 2023

Respectfully submitted,

MARY B. RICHARDSON-LOWRY,
Corporation Counsel for
the City of Chicago

By: *s/ Bradley G. Wilson*
Senior Counsel

BRADLEY G. WILSON (IL 6301195)
AARON T. DOZEMAN (IL 6308909)
City of Chicago, Department of Law
Constitutional and Commercial
Litigation Division
2 North Lasalle Street, Suite 520
Chicago, Illinois 60602
(312) 744-7686 / (312) 744-9018
Bradley.Wilson@cityofchicago.org
Aaron.Dozeman1@cityofchicago.org

*Attorneys for the City*