**Exhibit 1: Dismissal Order of Challenge to Summary Closure Order**

**IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS**
**COUNTY DEPARTMENT, CHANCERY DIVISION**

| | |
|---|---|
| THE BLUE NOTE, INC. d/b/a The Point, an Illinois Corporation,<br>Plaintiff,<br><br>v.<br><br>Department of Business Affairs and Consumer Protection and City of Chicago, a municipal corporation,<br>Defendants. | Case No.: 2022 CH 07916<br>Calendar 7 |

**ORDER**

THIS MATTER coming before the Court on Defendants' Motion to Dismiss, or in the alternative, for Judgment on the Pleadings the Court being fully advised on the matter. It is hereby ordered:

1. This matter comes before the Court on Plaintiff's Complaint for Review of the July 8, 2022, Order Affirming Summary Closure After Probable Cause Hearing. The Point was ordered closed on February 8, 2022, after a shooting took place on February 6, 2022, leaving a patron inside the establishment wounded. Compl. ¶¶ 8, 40. On July 8, 2022, Defendant issued an order affirming the summary closure (the "Order") due to a finding of a public safety threat occurrence at The Point and requiring The Point remain closed until August 6, 2022. Def.'s Mot. ¶ 5. Defendant moves to dismiss Plaintiff's Complaint for Administrative Review pursuant to 735 ILCS 5/2-615 for mootness. Defendant states that any decision rendered by this Court will have no practical effect upon Plaintiff because the closure affirmed by the Order expired four days before Plaintiff filed its complaint. Def.'s Mot. ¶¶ 5-7. Therefore, the Order no longer restricts Plaintiff's operations. Def.'s Mot. ¶ 7. This Court agrees.

The Municipal Code of the City of Chicago (the "MCC") provides a right of review of any order of the Commissioner issued under the section regarding summary closures. M.C.C. § 4-4-285(i). The Circuit Court has the power to affirm or reverse the decision in whole or in part, or, where a hearing has been held by the agency, to reverse and remand the decision in whole or in

part, and, in that case, to state the questions requiring further hearing or proceedings and to give such other instructions as may be proper. 735 ILCS 5/3-111(5)-(6).

An appeal is moot if no controversy exists or when events have occurred that makes it impossible for the reviewing court to render effectual relief. *Commonwealth Edison Co. v. Ill. Com. Comm'n*, 2016 IL 118129, ¶ 10. As a general rule, courts of review in Illinois do not decide moot questions, render advisory opinions, or consider issues where the result will not be affected regardless of how those issues are decided. *Id.* Courts will not review cases merely to establish a precedent or guide future litigation. *Id.* When a decision on the merits would not result in appropriate relief, such a decision would essentially be an advisory opinion. *Id.*

Defendant's decision in this case affirmed the summary closure of The Point due to a public safety threat occurrence. Defendant ordered The Point to remain closed until August 6, 2022. A Summary Closure means an immediate cessation of all business activities at an establishment and closure of the establishment. *Id.* The MCC provides that if the Superintendent determines that an establishment presents a public safety threat the Superintendent may abate the threat by ordering the summary closure of the establishment, and such order shall remain in effect for an aggregate period of six months as measured from the date on which the public safety threat occurred. M.C.C. § 4-4-285(c). Since Defendant's order was merely one of summary closure and the time period for closure has expired this Court agrees the issues are moot.

Plaintiff claims this court should not dismiss this administrative review based on mootness for three reasons. First, plaintiff alleges it may be liable to Defendants for "up to three times the cost incurred by the city in abating a public safety threat" under MCC 4-4-285(h). Resp. at 2. Second, Plaintiff argues that the decision in this case will be used in a separate proceeding relating to Plaintiff's liquor license and that the decision in this case will act as a bar preventing him from "relitigating" the issues of fact or law in the liquor license case. Resp. at 3. Third, Plaintiff believes

that this issue fits under the public interest exception the mootness doctrine and therefore warrants review. Resp. at 5-6.

Plaintiff has asserted that Defendant could fine Plaintiff under MCC 4-4-285(h). Resp. at 2. However, Plaintiff has not shown that defendant has filed any action against Plaintiff nor sought any fees or costs in relation to the Order issued July 8, 2022. Reply at 5-6. Plaintiff has, therefore, not established any relief this Court could provide, the matter is either speculative or moot.

Plaintiff's next argument is that this decision will be used against him in a liquor license proceeding. However, this argument lacks merit. The decision in this case does not appear as part of The Point's disciplinary record. Reply, Ex. B. Additionally, as with the first argument, this argument is speculative. Further, the liquor license proceeding involves a different issue. The license revocation notice states that the revocation hearing was due to a violation of MCC § 4-60-130(d), allowing unauthorized persons to be on the premises after 5:00 AM, a violation which was not considered in the Hearing Commissioner's Report and Recommendation for the Order. Resp., Ex. A ¶ 8.

In sum, this Court cannot grant Plaintiff the relief it seeks in its complaint for administrative review as the summary closure period ended on August 6, 2022, and Plaintiff has not shown that there are any other consequences of a finding of a public safety threat besides summary closure. Defendant has represented that the Order is not part of an establishment's disciplinary history and, therefore, cannot, and will not, be used in any subsequent proceeding regarding Plaintiff's Liquor License. Additionally, the liquor license violation was not considered as part of the Order. Resp. Ex. A, ¶ 8. The liquor license proceeding is based on the presence of patrons past the 5:00 a.m. closing time required under the MCC, and not based on causing a public safety threat, as Plaintiff fears. *See* Resp. at 5, Ex. B at 2.

The public interest exception to the mootness doctrine does not apply here. The exception permits review of an otherwise moot question when the magnitude or immediacy of the interests involved warrants action by the court. *Commonwealth Edison Co.*, 2016 IL 118129, ¶ 12. The public interest exception to the mootness doctrine applies only when (1) the question presented is of a public nature, (2) an authoritative determination of the question is desirable for the future guidance of public officers, and (3) the question is likely to occur. *Id.* The public interest exception is narrowly construed and requires a clear showing of each of its criteria. *Id.* ¶ 13. If any one of the criteria is not established, the exception may not be invoked. *Id.*

The public interest doctrine is invoked on rare occasions when there is an extraordinary degree of public interest and concern. *Id.* ¶ 13. The question Plaintiff asks this Court to answer is answered in the Administrative Review Law that allows for reversal in the case when the administrative agency's decision is against the manifest weight of the evidence. *Chaudhary v. Dep't of Human Servs.*, 2023 IL 1277712, ¶ 95 It pertains only to this business under these circumstances and is not a question of a public nature. Further, in deciding whether there is a need for an authoritative determination, the courts look to whether the law is in disarray or conflicting precedent exists. *Commonwealth Edison Co.*, 2016 IL 118129, ¶ 15. Here, there is no conflicting precedent or disarray in need of determining, the law is clear. Therefore, Plaintiff is not able to make a clear showing that this matter falls under the public interest exception to mootness.

2. Alternatively, Plaintiff seeks leave to amend its complaint to allege additional facts in support of the public interest doctrine. Plaintiff states that it would be able to allege more facts in support of the mootness exception as "Plaintiff has filed a federal lawsuit against Defendants, among other, alleging that Defendants violated Plaintiff's rights when Defendants tried to deprive Plaintiff of its late-hour liquor license without due process or compensation." Resp. at 6-7. As previously stated, the liquor license proceeding has no bearing on the public threat finding in the

Order, as the liquor violation was not considered. Additionally, as the question Plaintiff presents in this matter as an exception to the mootness doctrine does not fall within the public interest exception, no further facts would support a finding that an authoritative determination is necessary.

3. Defendants' Motion is GRANTED and the matter is dismissed with prejudice. This order is a final order that disposes of the matter.

Judge Eve M. Reilly
AUG 09 2023
Circuit Court-2122

Entered:

Judge Eve M. Reilly