**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| THE BLUE NOTE, INC. d/b/a The Point, an Illinois corporation,<br><br>Plaintiff,<br><br>vs.<br><br>THE CITY OF CHICAGO, a Municipal Corporation, FLAT IRON BUILDING, LLC, an Illinois limited liability Company; BERGER REALTYGROUP, LLC, an Illinois limited liability company; ERICA BERGER, an individual; RACHEL BREIDINGER, an individual; ZVONKO OLEAR, an individual; ARTHUR KAWN, an individual; BAUM REALTY GROUP, LLC, an Illinois limited liability company; PATRICK FORKIN, an individual; and SAVAS ER an individual.<br><br>Defendants. | ) | Case No.1:23-cv-00648<br><br>Hon. Judge Jeffrey I. Cummings |

**PLAINTIFF'S MOTION TO STRIKE THE CITY OF CHICAGO'S SUPPLEMENTAL MEMORANDUM IN FURTHER SUPPORT OF ITS MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT**

## INTRODUCTION

Following the conclusion of briefing the City of Chicago's Motion to Dismiss Plaintiff's First Amended Complaint (the "Motion"), the City of Chicago (the "City") sought Plaintiff's consent to file a supplemental memorandum in further support of its Motion (the "Supplement"). Counsel for the City represented to counsel for Plaintiff that the Supplement was necessary to address a "development [which] affects [the City's] Younger abstention argument" and the City sought to "file something to address it and to update our arguments to the Court." Relying on that representation, counsel for Plaintiff agreed to consent to the City's anticipated request for leave to file the Supplement.

By way of background, the City argued in support of its Motion that the *Younger* doctrine compelled that proceedings related to this matter be stayed until such time as separate litigations pending elsewhere were resolved. The City's *Younger* argument was confined to that point. That notwithstanding, and despite the City's representations to the contrary as to its intentions, the City now submits through its Supplement a wholly new argument – that the Illinois rule against claim splitting "bars the portions of this action that are based on the summary closure order."

For the reasons set forth below, the City's Supplement should be stricken.

## **BACKGROUND**

Prior to filing the Supplement, counsel for the City reached out via email to Plaintiff's counsel (the "Email") stating:

> "We gather from the public record and papers filed in response to the other MTDs that the summary closure order ARL proceeding was dismissed as moot and that Blue Note did not pursue an appeal. That development affects our Younger abstention argument, and we would like to file something to address it and to update our arguments to the Court.
>
> We intend to file a motion seeking leave to file a supplemental memorandum in support of our MTD of no more than 5 pages. Would Plaintiffs consent to that request? We can include a request that Plaintiffs be permitted to file a response of similar length, if desired."

Plaintiff understood the Email to mean that the City sought only to inform the Court that the City's *Younger* argument no longer applied; *not* that the City should be allowed to make arguments that it had the clear opportunity to raise previously, but apparently elected not to. The City has filed two previous motions to dismiss (the "Motions to Dismiss") that did not include the claim splitting argument.

## LEGAL STANDARD

Federal Rule of Civil Procedure 12(g)(2) states: "Except as provided in Rule 12(h)(2) or (3), a party that makes a motion under this rule must not make another motion under this rule raising a defense or objection that was available to the party but omitted from its earlier motion."

## ARGUMENT

### I. Plaintiff Did Not Consent to the Motion.

As an initial matter, Plaintiff understood that the "supplemental memorandum" would be filed for the purpose of "updat[ing] [the City's] arguments to the Court," *not* that the City would make an entirely new argument that it failed to raise in *either* of its previously filed Motions to Dismiss. As a factual and logical matter, the City cannot "supplement" an argument (or advise the Court of newly issued precedent concerning that argument) that it did not previously make. Had the City disclosed to Plaintiff that it intended on making new arguments, Plaintiff would not have consented.

Moreover, there can be no doubt that Plaintiff would suffer prejudice were it foreclosed from making certain arguments in support of its claims because the City waited to bring its claims splitting argument. As such, for this reason alone, the Supplement should be stricken.

### II. The Motion Violates FRCP 12(g)(2).

The City does not, and cannot, contest that it was aware of the existence of Case No. 2022 CH 07916 (the "Chancery Matter") when it filed its first two Motions to Dismiss. Indeed, the City has twice argued that Plaintiff's claims should be dismissed or stayed based on *Younger v. Harris*, 401 U.S. 37 (1971) *because* the Chancery Matter remained pending. As the City identified in the Supplement, it was not required to wait until the Chancery Matter was dismissed as "…the bar against claim splitting does not require a final adjudication on the merits — only an identity of

parties and claims." Nothing prevented the City from bringing the argument it now brings in the Supplement in either of its Motions to Dismiss.

The City's Motions to Dismiss were brought pursuant to Federal Rule of Civil Procedure 12(b)(6), and the Motion is "in further support of its motion to dismiss under Federal Rule of Civil Procedure 12(b)(6)." As the City did not make the claim splitting argument in the Motions to Dismiss, the Supplement is a successive motion under Federal Rule of Civil Procedure 12 that is prohibited by Federal Rule of Civil Procedure 12(g)(2) and must be stricken.

### III. In the Alternative, the City Waived its Claim Splitting Argument.

Even if the Supplement is not considered a successive motion prohibited by Federal Rule of Civil Procedure 12(g)(2), it cannot be considered anything more than tantamount to a sur-reply; and, because the City did not raise the claim splitting argument in its Supplement (or, for that matter, in its first motion to dismiss), it has therefore waived its opportunity to raise it on reply. *See* Fed. R. Civ. P. 12(h). The claim splitting argument was available to the City at the time it filed its original motion; this argument did not become available to the City because of a change in law or due to subsequently issued precedent that would necessitate a supplement to advise the Court as to same, which is what the rule providing for supplemental pleadings is intended to address.

## CONCLUSION

For the foregoing reasons, the Supplement should be stricken.

November 21, 2023

Respectfully Submitted,

The Blue Note, Inc.

*s/Daniel T. Fahner*
One of its Attorneys

Daniel T. Fahner (daniel.fahner@rkfglobal.com)
Alex Kosyla (alex.kosyla@rkfglobal.com)
RKF Global PLLC
555 Skokie Blvd
Suite 450
Northbrook, Illinois 60062
(312) 888-2000