**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| THE BLUE NOTE, INC. d/b/a The Point, an Illinois corporation,<br><br>Plaintiff,<br><br>vs.<br><br>THE CITY OF CHICAGO, a Municipal Corporation, FLAT IRON BUILDING, LLC, an Illinois limited liability Company; BERGER REALTY GROUP, LLC, an Illinois limited liability company; ERICA BERGER, an individual; RACHEL BREIDINGER, an individual; ZVONKO OLEAR, an individual; ARTHUR KAWN, an individual; BAUM REALTY GROUP, LLC, an Illinois limited liability company; PATRICK FORKIN, an individual; and SAVAS ER, an individual.<br><br>Defendants. | ) | Case No.1:23-cv-00648<br><br>Hon. Judge Jeffrey I. Cummings |

**PLAINTIFF'S RESPONSE IN OPPOSITION TO THE CITY OF CHICAGO'S SUPPLEMENTAL MEMORANDUM IN FURTHER SUPPORT OF ITS MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT**

## INTRODUCTION

The City of Chicago (the "City") has filed a Supplemental Memorandum in Further Support of its Motion to Dismiss Plaintiff's First Amended Complaint (the "Supplement") arguing that the Illinois rule against claim splitting "bars the portions of this action that are based on the summary closure order." The Supplement does not seek a dismissal of any of Plaintiff's causes of action, but only seeks to narrow the scope of this litigation or, ostensibly, to reduce Plaintiff's damages. The City submits the Supplement in support of its *second* motion to dismiss.

When seeking Plaintiff's agreement to consent to the filing of the Supplement, the City represented that the Supplement was intended *only* to address "update[s]" that were necessary to

inform the Court of concerning application of the *Younger* doctrine. (*See* Plaintiff's Motion to Strike, pp. 1-2; *see also* Email Correspondence from Counsel for the City, attached as Exhibit A.) The City's first, and now pending (second), motion to dismiss *both* argue that Plaintiff's claims should be dismissed or stayed under the abstention doctrine derived from *Younger v. Harris*, 401 U.S. 37 (1971). Specifically, the City has twice argued that *Younger* compels the City's requested relief because two related actions are or were pending: (1) a State court action (Case No. 2022 CH 07916 (the "Chancery Matter")); and (2) an administrative action (22-LR-22). The City now concedes that "Younger no longer applies," but submits – for the first time – that this Court should entertain the City's argument concerning claim splitting.

For the reasons set forth below and in Plaintiff's concurrently filed Motion to Strike, the Supplement should be disregarded;[1] and, for the reasons set forth in Plaintiff's response in opposition to the City's motion to dismiss, the City's motion to dismiss should be denied.[2]

## ARGUMENT

### I. The City Does Not, and Cannot, Meet the Elements Required to Invoke the Rule Against Claim Splitting.

Three requirements must be satisfied for res judicata to apply: (1) a final judgment on the merits must have been rendered by a court of competent jurisdiction; (2) an identity of cause of action must exist; and (3) the parties or their privies must be identical in both actions. *Hudson v. City of Chicago*, 228 Ill.2d 462, 467 (2008); *Rein v. David A. Noyes & Co.*, 172 Ill.2d 325, 334 (1996). But the rule against claim splitting bars these claims because the bar against claim splitting

[1] To the extent that the City's Supplement is considered a separate motion, Plaintiff requests that the Supplement be denied.

[2] Plaintiff has filed a separate but related Motion to Strike Defendant City of Chicago's Supplemental Memorandum in Further Support of its Motion to Dismiss Plaintiff's First Amended Complaint (the "Motion to Strike"). This response brief is submitted in the alternative should the Court deny Plaintiff's Motion to Strike in its entirety.

does not require a final adjudication on the merits — only an identity of parties and claims. *See Scholz v. United States*, 18 F. 4th 941, 951 (7th Cir. 2021)

*a. This Action Does Not Involve the Same Parties.*

The Chancery Matter only included Plaintiff and the City, and no allegations were made against any third parties. The rule against claim splitting does not require a plaintiff to consolidate a claim with claims against everyone who might be derivatively liable for judgment against defendant. *Wilson v. City of Chicago*, 120 F.3d 681, 687 (7th Cir. 1997).

*b. The Complaint Is Not Based on The Summary Closure (The Causes of Action Are Not the Same).*

The City mistakenly argues, "[a]nd here, Blue Note also challenges the summary closure order by seeking money damages under § 1983 and related state-law causes of action." By this action, Plaintiff is not simply challenging the summary closure order. Plaintiff is challenging an alleged agreement between the City and the owner of the Arts Building, among others, whereby both parties agreed to take whatever action or inaction was required to keep Plaintiff closed until it was forced to go out of business or agreed to amend the hours of its liquor license.

Plaintiff's causes of action in this case stem, in large part, from Plaintiff's allegations that the City was using the Department of Buildings to keep Plaintiff closed longer than what was allowed under the summary closure ordinance. This undoubtably could not have been made part of the Chancery Matter, and neither could the allegations made against co-conspirators that were based on email communications which Plaintiff had not yet received. Importantly, Plaintiff has not alleged that any of the alleged co-conspirators conspired with the City regarding the summary closure ordinance, or that they even could have. There is, therefore, no compelling reason to limit the present action to "bar[] the portions of this action that are based on the summary closure order."

The only prior argument brought by the Plaintiff concerning the summary closure was that the summary closure order was *decided* improperly, not that the summary closure was brought for an improper purpose. Indeed, Plaintiff's arguments in the Chancery matter were limited to arguing that the Commissioner's ruling was based on an illogical conclusion considering the factual findings made, and that the City's failure to present evidence or witnesses prejudiced Plaintiff. The Supplement should be disregarded and the City's motion to dismiss should be denied for this additional reason.

## II. In the Alternative, An Exception to Claim Splitting Applies.

Even had the City not acquiesced (argued below) – and, in effect, waived its argument concerning claim splitting – the City plainly does not, and cannot, satisfy all the elements to be granted relief (even in the limited form it seeks) under a theory of claim splitting.

The Illinois Supreme Court has adopted six equitable exceptions to the rule against claim-splitting. *Rein v. David A. Noyes & Co.*, 172 Ill. 2d 325, 341 (1996); *Hudson v. City of Chicago*, 228 Ill. 2d 462, 472-73 (2008). These exceptions permit the filing of a second claim where:

> (1) the parties have agreed in terms or in effect that plaintiff may split his claim or the defendant has acquiesced therein; (2) the court in the first action expressly reserved the plaintiff's right to maintain the second action; (3) the plaintiff was unable to obtain relief on his claim because of a restriction on the subject-matter jurisdiction of the court in the first action; (4) the judgment in the first action was plainly inconsistent with the equitable implementation of a statutory scheme; (5) the case involves a continuing or recurrent wrong; or (6) it is clearly and convincingly shown that the policies favoring preclusion of a second action are overcome for an extraordinary reason.

*Rein* 172 Ill. 2d at 341.

*a. The City has Acquiesced.*

The first exception applies where the parties have acquiesced or agreed in terms or in effect to the claim splitting. *Dinerstein v. Evanston Athletic Clubs, Inc.*, 2016 IL App (1st) 153388, ¶ 45,

(citing Restatement (Second) of Judgments §26(1) (1982)). As indicated by the disjunctive "or" this exception includes three discrete concepts: acquiescence, agreement in terms and agreement in effect. *Dinerstein*, 2016 IL App (1st) 153388, ¶ 45. "Acquiescence" is defined as a defendant's "failure to object" to the claim-splitting in either action. *See id.* at ¶¶ 48, 59 ("Acquiescence could be mere silence – the failure to object – after an action is refiled, because by doing nothing the defendant is allowing the claim-splitting to go forward.").

The appropriate time to object is when the action is refiled. *See Quintas v. Asset Mgmt. Group, Inc.*, 395 Ill. App. 3d 324, 334 (2009); *Dinerstein*, 2016 IL App (1st) 153388, ¶ 18 ("acquiescence is the failure to object to claim-splitting, once the action is refiled"); *see also Piagentini v. Ford Motor Co.*, 387 Ill. App. 3d 887, 896 (2009) (holding that "failure to file a timely objection when plaintiffs refiled their suit constitutes an acquiescence").

Here, the City makes a claim splitting argument for the first time in its Supplement, notwithstanding the fact that it was clearly and admittedly aware of the pendency of the Chancery Matter. The City cannot now "supplement[]" an argument it did not previously raise. As the City pointed out in the Supplement, *it was not required to wait until the Chancery Matter was dismissed* as "…the bar against claim splitting does not require a final adjudication on the merits — only an identity of parties and claims." There was nothing that prevented the City from bringing the arguments raised in the Supplement sooner, and the City has therefore acquiesced. The Supplement should be disregarded for that fundamental and sole reason alone.

*b. Plaintiff Was Unable to Obtain Relief*

Plaintiff could not have obtained the relief it now seeks in this action in the Chancery Matter or the underlying administrative case. Plaintiff had no mechanism to counterclaim the City when Plaintiff challenged the imposition of the summary closure (between February and July of

2022), and the Chancery Matter was limited in scope as to the record of the summary closure hearing only (the "Hearing") (which involved the limited issue of whether the City could meet the elements of the City Code pertaining to summary closures, specifically whether there was a nexus between the shooting that occurred outside the bar and the operation of the bar itself.)

The crucial date for determining whether claim preclusion bars re-litigation of the events underlying a previous judgment is the date the complaint was filed; after that crucial date, a plaintiff has no continuing obligation to file amendments to the complaint to stay abreast of subsequent events, and may simply bring a later suit on those later-arising claims. *Scholz v. United States*, 18 F. 4th 941, 954 (7th Cir. 2021). At the Hearing, the testimony was limited *only* to what was necessary to counter the evidence presented by the City supporting summary closure, and there were no facts discussed or evidence presented that postdated February 9, 2022. Plaintiff did not present any evidence of or argue any conspiracy (the underlying facts of which it did not yet know), did not implicate any third party, did make any constitutional arguments, and did not advance any theory of its own case whatsoever. Indeed, the Hearing was solely related to facts and events that entirely predated the alleged conspiracy and Plaintiff could not have been aware of any such potential claims.

If a plaintiff is unaware of facts when filing a complaint, res judicata will not bar subsequent litigation; however, plaintiff will be precluded from raising these facts later if, by exercising due diligence, he or she could have discovered relevant information before filing initial suit. *Doe v. Allied–Signal, Inc.*, 985 F.2d 908, 914 (7th Cir. 1993). Here, Plaintiff alleges a covert conspiracy between several alleged co-conspirators. Plaintiff could not have been aware, and was not aware, of the alleged conspiracy when it filed the Chancery Matter and could not reasonably have exercised due diligence to discover the facts sooner. The City does not argue otherwise.

Importantly, Plaintiff was largely denied discovery at the administrative level. Indeed, Plaintiff was effectively *prevented* from knowing about the alleged conspiracy during the period the City suggests Plaintiff should have brought its claims. While Plaintiff has made detailed allegations and provided written evidence in support of the alleged conspiracy that predates August of 2022, Plaintiff did not receive those email communications until well after this lawsuit was filed and not until March 31, 2023.

Moreover, under Illinois law, if there are peculiar circumstances or if additional evidence is discovered, a court should not invoke collateral estoppel. *Toro v. Gainer*, 370 F. Supp. 2d 736, 739 (N.D. Ill. 2005). Earlier lawsuits cannot preclude litigation over subsequent events under the doctrine of claim preclusion. *Daza v. State*, 2 F.4th 681, 682 (7th Cir. 2021). In June and August of 2022, Plaintiff was unaware of its allegations that the City was using the Department of Buildings to keep Plaintiff closed for an improper motive, was unaware of the allegations that Plaintiff's landlord willfully kept Plaintiff closed and had agreed not to repair the Arts Building, was unaware of the allegations that the City was not taking any enforcement action for Plaintiff's landlord's failure to make any repairs to the Arts Building, and was unaware of the allegations that the City would allow the Arts Building to re-open on March 17, 2023 without the repairs being completed (and as an apparent response to this lawsuit.)

As set forth above, Plaintiff's only prior argument was that the summary closure order was *decided* improperly, not that the summary closure was brought for an improper purpose. Indeed, Plaintiff's arguments in the Chancery Matter were limited to arguing what Plaintiff believes to be an illogical conclusion based on the factual findings and that the City's failure to present evidence or witnesses prejudiced Plaintiff. Plaintiff was not only unable to obtain relief at the Hearing (in which it was a respondent, without discovery power) or in the Chancery Matter (which was limited

to the record of the Hearing), but it was also not yet even aware of the conspiracy. The Supplement should be disregarded for this additional reason.

*c. This Case Involves a Recurring Wrong.*

A continuing course of conduct by a defendant, even if related to conduct complained of in an earlier suit, generally creates a separate cause of action for res judicata purposes. *Green v. IDOT*, 609 F. Supp. 1021, 1024 (N.D. Ill. 1985).

While the aggregate and increasingly bizarre actions taken against Plaintiff *eventually* led Plaintiff to the conclusion that the City (and others) were taking improper action against it as alleged in the Complaint, no single action in isolation was enough to reveal the breadth of the conspiracy and those alleged to be conspirators. Indeed, Plaintiff was closed by the Department of Buildings for thirteen (13) months, or until March 17, 2023, which is much longer than the six (6) months allowed by the summary closure ordinance. Plaintiff was wronged by the City long after the summary closure issue was decided, and Plaintiff has alleged as much.

*d. Extraordinary Circumstance*

The Municipal Code of Chicago ("MCC") states, "[a]ny order of the Commissioner issued under this section may be appealed to a court of competent jurisdiction or as otherwise provided by law." MCC 4-4-285 (i). The language of the MCC suggests that the City expressly agreed for a licensee to appeal "[a]ny order of the Commissioner," without exposing itself to prejudice, especially when that appeal is limited to the seeking review of the order. As stated above, the

Chancery Matter was limited to the record of the Hearing and did not involve the same parties or causes of action, and Plaintiff filed the Chancery Matter consistent with the language of the MCC.

Additionally, Plaintiff also could have moved to consolidate the matters if the City would have raised the claim splitting issue in its first responsive pleading. The Supplement should be disregarded for these further reasons.

### III. The City Has Waived its Claim Splitting Argument and Brought Its Supplemental Brief Under False Pretenses.

Plaintiff's counsel consented to the City's filing of a supplemental memorandum believing that the City only intended to address its *Younger* argument in light of changes in circumstances related to resolution of the other pending litigations upon which the City's *Younger* argument was based (i.e., supplement the arguments it already made). This consent would not have been granted had the City accurately represented what it intended to raise; and the City's actions in this regard raise the specter of sanction. Because the City failed to raise its claim splitting argument in either is first or second motion to dismiss, it has clearly waived that argument. *See* Fed. R. Civ. P. 12(g)(2) ("Except as provided in Rule 12(h)(2) or (3), a party that makes a motion under this rule must not make another motion under this rule raising a defense or objection that was available to the party but omitted from its earlier motion."); *see also* Fed. R. Civ. P. 12(h).

For the avoidance of doubt, and as is reflected in the correspondence between counsel for the City and counsel for Plaintiff, Plaintiff did not agree that the City could make *new* arguments in its "supplemental" memorandum. Plaintiff was led to believe that the City would only "supplement" a previously raised argument; in this case, to inform the Court that *Younger* no longer applied. Since the City did not make an argument concerning claim splitting prior to submitting the Supplement, this entirely new argument cannot be considered a supplement to anything. For this additional reason, the Supplement should be disregarded.

## CONCLUSION

For the foregoing reasons, the Supplement should be disregarded (or denied) and the City's motion to dismiss should be denied.

November 21, 2023

Respectfully Submitted,

The Blue Note, Inc.

*s/Daniel T. Fahner*
One of its Attorneys

Daniel T. Fahner (daniel.fahner@rkfglobal.com)
Alex Kosyla (alex.kosyla@rkfglobal.com)
RKF Global PLLC
555 Skokie Blvd
Suite 450
Northbrook, Illinois 60062
(312) 888-2000