**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| THE BLUE NOTE, INC. d/b/a The Point, an Illinois corporation, | ) | |
| Plaintiff, | ) | |
| v. | ) | No. 23 CV 648 |
| | ) | Hon. Jeffrey I. Cummings |
| THE CITY OF CHICAGO, a Municipal Corporation, *et al.*, | ) | |
| Defendants. | ) | |

**DEFENDANT CITY OF CHICAGO'S RESPONSE TO PLAINTIFF'S MOTION TO STRIKE THE SUPPLEMENTAL MEMORANDUM IN FURTHER SUPPORT OF ITS MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT**

Defendant City of Chicago submits this response to Plaintiff The Blue Note, Inc.'s motion to strike the City's supplemental memorandum in further support of its motion to dismiss. In response, the City states as follows:

1. On October 24, 2023, the City filed an unopposed motion for leave to file a supplemental memorandum to its pending motion to dismiss to address the effect of the dismissal of a parallel state-court action. Dkt. 68. The court granted the motion. Dkt. 69. The City's supplemental memorandum stated that its *Younger* abstention arguments were no longer applicable but that Plaintiff's dismissal of its state-court action implicated the rule against claim splitting. Dkt. 72. Plaintiff filed a motion to strike the supplemental memorandum, Dkt. 73, and a response to the supplemental memorandum, Dkt. 74.

2. This Court should deny Plaintiff's motion to strike the City's supplemental memorandum in support of its motion to dismiss. The motion to strike merely opposes the City's claim-splitting argument. Yet Plaintiff also filed a substantive response to the City's supplemental memorandum raising the same point. Dkt. 74 at 9. Not only are motions to strike

generally disfavored, *e.g.*, *Heller Fin., Inc. v. Midwhey Powder Co.*, 883 F.2d 1286, 1294 (7th Cir. 1989), but Plaintiff's motion is redundant of its response to the supplemental memorandum.

3. The motion to strike should be denied for the additional reason that the arguments raised in the supplemental memorandum were directly related to the purpose of that memorandum: to update the Court on the effects on the City's arguments of Plaintiff's litigation decisions in a parallel state-court action. Plaintiff pursued a multi-forum, scattershot litigation strategy — involving related state and federal actions, prolix pleadings, and various administrative matters — and doing so has moved the goalposts for dismissing this case.

4. In the initial motion to dismiss, the City raised *Younger* abstention. One factor under *Younger* is whether the plaintiff can raise its federal claims in a parallel pending state-court action, and the City pointed out in its motion to dismiss that Plaintiff could still do that. *See* Dkt. 37 at 10. Plaintiff instead opted to abandon its state-court action for the admitted purpose of avoiding *Younger* abstention in this federal case (effectively conceding that the City's *Younger* argument had merit). *See* Dkt. 65 at 5.

5. But the rule against claim splitting asks a question to which the answer is only now clear: namely, whether plaintiff raised claims in a now-dismissed action that it seeks to bring in a second case. Dkt. 72 at 2. Plaintiff's abandonment of its earlier-filed state-court action to avoid *Younger* foreclosed its ability to raise the federal claims in the state-court action. But that choice solidified the applicability of the alternative, related claims-splitting argument, which previously would have been uncertain because Plaintiff could have added and litigated the federal claims to conclusion in the state-court action. The rule against claim splitting is, after all, related to res judicata and appropriately applies when there was no final adjudication on the merits of the earlier-filed action (a res judicata requirement) due to dismissal on mootness grounds. *Id.* at 2–3.

6. The supplemental memorandum is, accordingly, not "another motion" but a supplement to the City's original arguments appropriately based on changing circumstances, so Fed. R. Civ. P. 12(g)(2) is not implicated. Plaintiff's litigation tactics have created an evolving situation necessitating the City's replacement of its *Younger* abstention argument — which is inapplicable now due to Plaintiff's own litigation decisions — with a related claim-splitting argument that now applies.

7. Plaintiff complains that it had assumed that the City's supplemental memorandum would state only that *Younger* no longer applied, and that it would not have consented to the City's motion for leave to file the supplemental memorandum if it had anticipated that the City would replace its *Younger* argument with the now-applicable claim-splitting argument. Plaintiff's assumption was unfounded. Counsel for the City informed Plaintiff's counsel that "development[s in the state court action] affect[ ] our *Younger* abstention argument, and we would like to file something *to address it and to update our arguments to the Court*," which is precisely what the City did. Dkt. 73 at 2 (emphasis added). While Plaintiff may now claim that it consented only to a narrower filing, its own Motion belies that.

8. Moreover, Plaintiff has suffered no prejudice because it had the opportunity to (and did) file a response to the supplemental memorandum. Nor is there any unfair surprise in the City raising this argument now, because *Younger* abstention and claim splitting address the same root problem that is created by bringing two related cases when there should be one. The bottom line is that Plaintiff should have chosen one forum in which to raise its claims, not straddled two only to abandon one when it appeared advantageous to do so. If anything, striking the supplemental memorandum would prejudice the City, as that would reward Plaintiff for switching from one doomed litigation tactic to another while not allowing the City to respond to the switch.

9. The supplemental memorandum properly responds to a change in the circumstances in the parallel litigation and clarifies the repercussions of Plaintiff's tactics. The motion to strike should be denied.

Date: December 20, 2023

Respectfully submitted,

MARY B. RICHARDSON-LOWRY,
Corporation Counsel for
the City of Chicago

By: *s/ Aaron T. Dozeman*
Assistant Corporation Counsel

BRADLEY G. WILSON (IL 6301195)
AARON T. DOZEMAN (IL 6308909)
City of Chicago, Department of Law
Constitutional and Commercial
Litigation Division
2 North Lasalle Street, Suite 520
Chicago, Illinois 60602
(312) 744-7686 / (312) 744-9018
Bradley.Wilson@cityofchicago.org
Aaron.Dozeman1@cityofchicago.org

*Attorneys for the City of Chicago*